**In the Matter of Suzanne & William PERKINS, Debtor.**

**SUN BANK OF TAMPA BAY, Plaintiff,**

**v.**

**Suzanne & William PERKINS, Defendants.**

**Bankruptcy No. 84–883.**

**Adv. No. 84–306.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 29, 1985.

D. Lawrence Rayburn, Tampa, Fla., for plaintiff.

Richard S. Agster, Tampa, Fla., for defendants.

## MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a contested discharge proceeding and the matter under consideration is the dischargeability, vel non, of a debt admittedly due and owing in the amount of $52,125.40 by Suzanne & William Perkins (Debtors), the Debtors involved in the above-captioned Chapter 7 case.

The claim of non-dischargeability is presented for this Court's consideration by Sun Bank of Tampa Bay (Bank) who filed a one count complaint in which it claims that the Debtors' liability is based on obtaining property from the Bank by false pretenses and, therefore, the liability owed by them is within the exceptive provisions of the general bankruptcy discharge by virtue of § 523(a)(2)(A).

The parties agree that based on the pleadings and the affidavit filed in this cause, there are no genuine issues of material fact and the controversy can be resolved as a matter of law. The undisputed facts which are relevant to the resolution of the controversy are as follows:

On January 11, 1983, the Debtors opened a commercial checking account with the Flagship Bank of Tampa. As a result of a merger, effective January 3, 1984, Flagship Bank of Tampa changed its name to Sun Bank of Tampa Bay. The Debtors continued to maintain their account with the Sun Bank.

Beginning January 6, 1984, and continuing through March 30, 1984, Sun Bank honored more than 100 checks drawn by the Debtors on their commercial account although the account did not contain sufficient funds to cover the amounts for which the checks were written. At this point it should be noted that it cannot be determined from this record how many of the 100 checks written, if any, were actually signed by the Debtor Suzanne Perkins. As a result, the Bank paid out over the three month period more than $52,125.40 on behalf of the Debtors.

On April 4, 1984, the Bank commenced an action in state court against the Debtors. On April 19, 1984, the Debtors filed their joint Chapter 7 petition which, of course, stopped Sun Bank from proceeding further with its state court action against the Defendants.

As stated, the claim of non-dischargeability is based on § 523(a)(2)(A), which in pertinent part provides as follows:

Sec. 523. Exceptions to discharge

(a) A discharge under § 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services ... obtained by—

(A) false pretenses, a false representation or actual fraud ...

It has been well established that when a person issues a check, he impliedly represents that there are sufficient funds available to honor the check when presented for collection and that one who issues the check knowing that he has no funds to cover the check is without doubt just as guilty of making false representations as one who actually makes an express oral false representation or one in writing. *In re Tabers f/d/b/a Earl Tabers Used Cars,* 28 B.R. 679 (Bkrtcy.W.D.Kentucky 1983).

There is hardly any doubt that when the Debtor issued the checks in question during the relevant period in time, more than 100 in number, he was very well aware that he had no funds on deposit to cover the particular checks in question. However, this Court is satisfied that the Debtor did not intend to defraud the Bank, but merely followed a course of dealings not only tolerated by but one which was obviously perfectly acceptable to the Bank. It is evident that his practice of drawing checks on an account without sufficient funds to cover the checks was an ongoing practice. Furthermore, it is inconceivable to conclude that the Bank was not fully aware of this fact and, thus it is clear that the Bank did not rely whatsoever on the implied pretenses of the Debtor that there are sufficient funds to cover the checks when it did honor these checks. It is well established that absence of proof of reliance, a creditor cannot make out a viable claim under this Section because reliance is an indispensable element of the claim of non-dischargeability under § 523(a)(2)(A). *In re Furimsky,* 40 B.R. 350 (Bankr.D. Ariz.1984); *In re Futterman,* 35 B.R. 102 (Bankr.D.Conn.1983); *In re Denenberg,* 37 B.R. 267 (Bankr.D.Mass.1983).

Based on the foregoing, it is evident that the Bank failed to carry the burden with the requisite degree of proof and, therefore, its claim of non-dischargeability cannot be sustained.

A separate final judgment will be entered in accordance with the foregoing.