CRUTCHER et al. v. LOGAN.

In re VIRGINIA OIL & REFINING CO.
No. 8870.

Circuit Court of Appeals, Fifth Circuit.
March 15, 1939.

W. C. Austin, of Fort Worth, Tex., for appellants.

B. K. Goree, Geo. W. Rice, and William S. Harris, all of Fort Worth, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Mrs. M. J. Crutcher and J. H. O'Brien appeal from the action of the trial court in disallowing their claims for compensation filed in bankruptcy and equity receivership proceedings involving Virginia Oil & Refining Company.

The affairs of Virginia Oil & Refining Company were actively administered in bankruptcy from 1923 until 1926 when the Trustee was discharged. In 1930 the East Texas Oil Field was discovered and a number of oil leases owned by the bankrupt became valuable. Thereupon, on January 29, 1931, the bankruptcy was reopened for further active administration. After it appeared that there would be a surplus of assets for distribution among the company's stockholders an equity receiver was appointed by the court.

The appellants here had been directors of the company prior to its adjudication as a bankrupt. In their claims for compensation they assert they had much information about debt claims filed in the bankruptcy proceeding and stock claims filed in the equity receivership. They had much knowledge of the company's affairs prior to bankruptcy. They furnished considerable information to the Trustee-Receiver and now claim compensation therefor and also for looking up records, dates, information, and witnesses. It is without dispute that in this regard the claimants rendered valuable services to the Trustee-Receiver. The court below, in its opinion, stated that in the determination of stock claims and matters arising in the bankruptcy proceeding the Trustee-Receiver found it necessary to obtain a great amount of information from the appellants and to use them on many occasions as witnesses.

These claims are not debt claims against the bankrupt corporation. They are more in the nature of claims for administration expenses. The trial judge appointed the Trustee-Receiver and had before him the question of paying compensation to these appellants. It is not shown that they had been employed and the court found they were not entitled to compensation. We are, therefore, of opinion that his finding in this regard should not be overturned.

The successful administration of a bankruptcy estate, of necessity, requires cooperation and assistance from the bankrupt, and where, as here, the bankrupt is a corporation the assistance must come from the officers and persons employed by the corporation prior to its bankruptcy. The officers should disclose all information which they have concerning the bankrupt's affairs. The inconvenience to the appellants, in furnishing this information, has been great in these proceedings. They have rendered valuable assistance, but there is no provision in the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., for compensation for such services. In re Eureka Upholstering Co., Inc., 2 Cir., 48 F.2d 95.

Mrs. Crutcher was a large stockholder in the bankrupt corporation, and O'Brien testified that he was a stockholder, but that he had transferred his stock to his children. Both claimants had a personal interest in the outcome of the bankruptcy and receivership matters. There was no character of employment or promise to pay and the record discloses no effort to show employment. There can be no compensation for personal services under such circumstances. Trustees of Internal Improvement Fund v. Greenough, 105 U.S. 527, 26 L.Ed. 1157; Cf. Central Railroad & Banking Co. v. Pettus, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915.

We are familiar with the case relied upon by the appellants on this appeal, In re Patterson-MacDonald Shipbuilding Co., 9 Cir., 288 F. 546. In that case there was a definite employment and compensation agreed upon. Such is not the case at bar.

The judgment is affirmed.