In re Melvin Beecher CUMMINS, Louise Olivia Cummins, Debtors.

James A. FRANKFURTH, dba The Wizard Group, Plaintiff,

v.

Melvin Beecher CUMMINS and Louise Olivia Cummins, Defendants.

Bankruptcy No. SA 80–01682 PE.
Adv. No. SA 80–0860.

United States Bankruptcy Court,
C. D. California.

Feb. 11, 1981.

C. E. H. McDonnell, Tustin, Cal., for plaintiff.

Thomas H. Thornton, Laguna Niguel, Cal., for debtors/defendants.

PETER M. ELLIOTT, Bankruptcy Judge.

In this adversary proceeding, the plaintiff real estate broker seeks to recover from the debtors a real estate commission in the amount of approximately $66,000. At the outset of the case, the following issue was squarely presented: can plaintiff recover when his employment as broker was not authorized by this court under 11 U.S.C. § 327?

Section 327(a) provides, in part, that the trustee, subject to court approval, may employ one or more attorneys, accountants, appraisers, auctioneers *or other professional persons.*

Subsection (b) of § 327 authorizes a trustee, who is authorized to operate the business of a debtor who regularly employs attorneys, accountants, or other professional persons on salary, to retain or replace such professional persons as necessary in the operation of the business.

2 *Collier on Bankruptcy* (15th Ed.), ¶ 327.-05 provides

> Section 327 is silent concerning the employment of professional persons by a debtor in possession in a reorganization case under chapter 11 of the Code. However, section 1107(a) "places a debtor in possession in the shoes of a trustee in every way ..." With the granting of all of the rights and powers of a trustee, the debtor in possession has the right to employ professional persons under section 327.

I interpret § 327, in the context of the proceeding before me, to mean that a debtor in possession must obtain the permission of the court to employ any professional person, unless in the ordinary course of business the debtor regularly employed professional persons on salary and, in that event, he could continue to employ the same type of professional persons *on salary.* I hold that a real estate broker selling property on commission is a professional person within the meaning of § 327. Since plaintiff claims compensation under an exclusive real estate listing which would grant him 6% of the sale price, he was clearly not on salary and he must show that the listing was approved by the court.

I will assume for the sake of this ruling that plaintiff had a valid, exclusive listing on the subject real property and that he spent his own funds in exposing the property for sale and that he actually showed the property to numerous prospects; in fact, he produced a buyer at one point in the case. I will also assume the fact to be that the debtor in possession, in good faith, believed that he had the permission of the court to list the property for sale when he was given permission to list it by an employee of the U.S. Trustee's office.

If the property had been sold to a buyer that had been produced as a result of the efforts of the broker, there might have been some basis for equitable relief by way of approval of the broker's employment

*nunc pro tunc.* See *In re Laurent Watch Co., Inc., Cohen and Freeman v. U. S. A.* (C.A. 9th 1976) 539 F.2d 1231. However, the parties who purchased the subject real estate were not produced through any efforts of the plaintiff. It is therefore

ORDERED that the plaintiff's complaint is dismissed on the merits. This Order shall not be effective until the time for appeal has expired. The purpose of this latter provision is to make sure that neither the debtor nor debtors' counsel permit disbursement of the sum of money remaining in the debtor in possession account pending the final resolution of this proceeding.