**In re C. H. STUART, INC., Liege, Inc., Debtors.**

**Bankruptcy Nos. 81–20331, 81–20332.**

United States Bankruptcy Court, W. D. New York.

Dec. 30, 1981.

Warren H. Heilbronner, Rochester, N. Y., for Rodney J. Graybill.

Shea & Gould, New York City, for debtors.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

In early March of 1981, an officer of C.H. Stuart contacted Mr. Graybill, a real estate broker, regarding the possible sale or lease of Stuart Park property. The parties did not execute a brokerage contract at that time, but by late March, through the efforts of Mr. Graybill, the Newark Developmental Center examined the Stuart property and expressed an interest in securing a lease from the debtor.

Mr. Graybill and the debtor never did execute a brokerage contract and to date the Stuart property has not been leased to the Developmental Center. Nevertheless, Mr. Graybill has filed in the Chapter 11 case of C.H. Stuart, Inc. claim # 881 representing a commission allegedly due on a leasing of Stuart Park to the Newark Developmental Center.

■ Mr. Graybill cannot base his claim on any contract, express or implied, that the parties may have entered into in early March of 1981 since Stuart's officers could not have employed the services of a real estate broker without Court approval. 11 U.S.C. § 327(a), *In re Cummins*, 7 B.C.D. 294, 8 B.R. 701 (Bkrtcy.C.D.Cal.1981).

In *Cummins, supra*, a broker's complaint for a commission was dismissed even though he had executed an exclusive agency agreement with the debtor in possession. The absence of Court approval for the retention of the broker was fatal to the complaint:

"[A] real estate broker selling property on commission is a professional person within the meaning of Section 327. Since plaintiff claims compensation under an exclusive real estate listing which would grant him 6% of the sale price, he was clearly not on salary and he must show that the listing was approved by the court."

*In re Cummins, supra*, at 295, 8 B.R. 701.

■ In this case, Mr. Graybill apparently concedes that he cannot recover on a contract entered into without Court approval, but bases his claim on the equitable theory of quantum meruit. Under the proper circumstances, an equitable recovery could be had regardless of the voidability of contracts entered into without Court approval. In the Cummins case where the property was sold to a buyer who was not produced by the broker, the court said:

"If the property had been sold to a buyer that had been produced as a result of the efforts of the broker, there might have been some basis for equitable relief by way of approval of the broker's employment nunc pro tunc. See *In re Laurent Watch Co., Inc., Cohen and Freeman v. U.S.A.*, (C.A. 9th 1976) 539 F.2d 1231.

*Cummins, supra*, at 295, 8 B.R. 701.

In this case, no lease has been executed between C.H. Stuart and Newark Developmental Center; therefore, there is not yet a basis for a quantum meruit recovery. Mr. Graybill has, at best, an inchoate claim for

the value of his services. A cognizable claim can arise only when and if a lease of the Stuart property to Newark Developmental Center comes into existence. Since Mr. Graybill does not yet have a legal or equitable claim against the debtor's estate, his claim # 881 must be expunged and it is so ordered.