ARKANSAS COMMUNITIES,
INC., Appellant,

v.

Maurice MITCHELL, Trustee, Appellee.

No. 83–6090.

United States District Court,
W.D. Arkansas,
Hot Springs Division.

Dec. 9, 1983.

Robert J. Brown, R. J. Brown, P.A., Little Rock, Ark., for appellant.

James E. Smith, Jr., Mitchell, Williams, Selig, Jackson & Tucker, 1000 Savers Federal Building, Little Rock, Ark., for appellee.

## MEMORANDUM OPINION

OREN HARRIS, Senior District Judge.

The Court has before it debtor-appellant's appeal filed July 27, 1983.

The record in this case reflect the appellant has appealed three orders of the Bankruptcy Court: the Order of Appointment of the trustee in the case; the Order overruling the debtors motion for leave to implement the plan to borrow funds and satisfy all claims; the Order overruling debtors motion to obtain credit.

The Court takes notice two of the three issues on appeal, the motion for leave to implement the plan to borrow funds and satisfy claims and the motion to obtain credit, have not been pursued on appeal by

the appellant in their memorandum brief. The Court, therefore, is of the opinion the decision of the Bankruptcy Court in these two matters should be affirmed. The claims on appeal are not well taken and should be dismissed.

As to the third issue, the appointment of the trustee in bankruptcy, the Court is limited in its review on findings of fact to whether the findings of fact by the Bankruptcy Court were "clearly erroneous". Bankruptcy Rule 8013. This is similar to the standard in rule 52 F.R.Civ.P. Findings of fact under this test can only be set aside upon a clear demonstration that they are without substantial evidentiary support or that they are induced by an erroneous view of the law. *Cole v. Neaf,* 334 F.2d 326 (8th Cir.1964); *Anderson v. Property Developers, Inc.,* 555 F.2d 648 (8th Cir. 1977).

The Court has reviewed the entire record in the case, including the memorandum briefs, and is of the opinion the Bankruptcy Court's Order of Appointment of Trustee should be affirmed and the appeal of Arkansas Communities, Inc. should be dismissed.

A trustee appointed by the Bankruptcy Court to administer the estate of the debtor must qualify under the Bankruptcy rules. The basic eligibility to serve as a trustee is found in Title 11 U.S.C. § 321. Title 11 U.S.C. § 1104(c) further states the requirement the trustee must be "disinterested". For the definition of "disinterested" the Court must turn to the definition section of the Code, § 101(13):

"disinterested person" means person that—

(A) is not a creditor, an equity security holder, or an insider;

(B) is not and was not an investment banker for any outstanding security of the debtor;

(C) has not been within three years of the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor;

(D) is not and was not, within two years of the date of the filing of the petition, a director, officer, or employee of the debtor or of an investment banker specified in subparagraph (B) or (C) of this paragraph; and

(E) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or investment banker specified in subparagraph (B) or (C) of this paragraph, or for any other reason.

There was evidence presented at the hearing of June 20, 1983 by the appellant that the trustee was not a disinterested person. The evidence showed his present law firm has been appointed counsel for the trustee, they represent a small creditor of the estate, and they represent another party interested in the chapter 11 proceeding, although on other matters. Further, the trustee's previous law firm represents two parties which have contingent interests in the estate.

The Court at the hearing heard testimony of Mr. Utley, an officer of the debtor, and Mr. Mitchell, the trustee. Mr. Utley testified to the associations of Mr. Mitchell as stated above. Mr. Mitchell testified there were no conflicts of interest which would prevent him from being disinterested.

The Court further pointed out the complicated nature of the chapter 11 case and Mr. Mitchells special expertise and personal integrity.

Reviewing the facts in the case as found by the Bankruptcy Court, this Court cannot say the Bankruptcy Court's finding of the trustee's eligibility and disinterested status is clearly erroneous. Although there is a great deal of evidence which could support a finding Mr. Mitchell could not be disinterested, there is also substantial evidentiary support in the record for its holding Mr. Mitchell is disinterested. The inquiry of

the Court stops here and the Bankruptcy Court's Order must be affirmed.

A separate order will be entered in accordance with this opinion.