**In re PATHWAY, INC., Debtor.**

**Bankruptcy No. 82–00253.**

United States Bankruptcy Court,
D. Hawaii.

Aug. 31, 1984.

Francis T. O'Brien, David D. Cheal, Honolulu, Hawaii, for debtor.

James N. Duca, Emma S. Matsunaga, Honolulu, Hawaii, for applicant.

## ORDER DENYING APPLICATION TO AUTHORIZE EMPLOYMENT OF REAL ESTATE BROKER

JON J. CHINEN, Bankruptcy Judge.

The instant Chapter 11 proceeding was filed on May 3, 1982. The major asset of debtor's estate being a hotel property on leasehold land in the Waikiki area, the proceedings in this case have revolved almost exclusively around efforts to sell the property. An offer to purchase the property was presented to the creditors and the Bankruptcy Court for hearing in December of 1983, but due to the reluctance of the offeror to submit financial statements to the Court for review by the creditors, specifically the fee owner, this offer was later withdrawn.

The Court notes that Stanley H. Young was present at a December 14, 1982 hearing on the initial offer and the minutes reflect that the "Court recommended that Young obtain a Court order appointing him broker for the estate."

Subsequently in the fall of 1983, two additional offers were presented for consideration. The so-called "Johnson offer", admitted into evidence on November 14, 1983 as Exhibit D–5, was presented through Stanley Young and TransPacific Realty, Inc. The "Gouveia-Short offer", admitted into evidence on November 14, 1983 as Exhibit C–3, was submitted through the firm of Bob Short Realty, and listed Manny Gouveia & Associates and Ester Chu Realty as cooperating realtors. After continued hearings before the Honorable Harold M. Fong, United States District Judge, the "Gouveia-Short" offer for $1,635,000.00 was accepted and the sale was confirmed by the District Court on December 5, 1983.

On April 26, 1984, a Joint Application to Authorize Employment of Real Estate Broker was lodged with the Court, wherein

counsel for debtor and for Transpacific Realty, of which Stanley H. Young is principal broker, requested that Mr. Young and his firm be retained retroactively as exclusive broker for debtor for the sale of the subject property. On April 27, 1984, this Court denied said application without explanation.[1] No reconsideration or appeal of this denial was filed.

On July 31, 1984, the instant Application to Authorize Employment of Real Estate Broker was filed, requesting in language almost identical to the previous application, that Transpacific Realty and Stanley H. Young be approved *nunc pro tunc* as debtor's broker for the sale of the subject property.

As in the earlier application, the supporting documentation is a letter dated November 3, 1983, from Robert M. Ehrhorn, Jr., to Mr. Young, which letter memorializes an understanding that debtor "has retained Transpacific Realty, Inc., as its broker for the sale" of the subject property. This agreement notes that the minimum commission will be 2% of the gross sale price and may be subject to Bankruptcy Court approval. Mr. Ehrhorn is not attorney of record for debtor in the bankruptcy proceedings and this agreement, dated 10 months after Mr. Young was advised by the Court to obtain a court order appointing him broker, has not been authorized by the Court.

This Court is now requested to authorize a nunc pro tunc listing contract with a broker for sale of a property, for which a sale on an offer not produced by said broker has already been confirmed. The only discernable difference between this application and the previous application is that the current application is apparently for a non-exclusive listing.

 It is generally recognized that compensation or administrative expenses cannot be granted from debtor's estate for professional services unless the Court has authorized both the employment and the services prior to the performance of the services. Even though through the use of *nunc pro tunc* orders, courts have occasionally validated a previous failure to obtain the requisite court approval, such situations are rare and should not be based on hardship to the applicant. See Bankruptcy Rule 2014(a); 11 U.S.C. § 328; 2 Collier on Bankruptcy 327.02 (15th ed. 1981); *In re Morton Shoe Companies, Ltd.*, 22 B.R. 449 (Bankr.Mass.1982) (Even though the result is harsh, professional services performed for a bankruptcy estate are compensable out of the assets of the estate only if such professional assistance has been authorized by the Court prior to the services being rendered.); *In re Pollock*, 22 B.R. 673 (Bankr.Mass.1982) (Broker without prior authorization of court had no legal rights attached for services rendered.)

In *In re Cummins*, 8 B.R. 701, 7 B.C.D. 294, 3 C.B.C.2d 793 (Bankr.C.D.Cal.1981), rev'd on other grounds, 15 B.R. 893 (B.A.P. 9th Cir.1981), in a factually similar situation, the Court dealth with the question: can plaintiff (broker) recover when his employment as broker was not authorized by this court under 11 U.S.C. § 327? After discussing the policy grounds for the § 327 requirement of authorization of professionals the Court noted that grounds for equitable relief were lacking since the broker had not produced the successful bidder, as in the instant situation, and denied the application.

 Based on the foregoing, the Application to Authorize Employment of Real Estate Broker is once again Denied.

---

1. In answer to a letter from subsequent counsel for Transpacific Realty inquiring as to the reasons for the denial the Court responded in a letter over the law clerk's signature that "the Court was aware at the time the Application was filed that the property had already been sold to a buyer not produced by applicant. It thus was deemed inappropriate to approve an application ... on an exclusive basis."