In re Albert W. ROBERTS, Jr. and Caroline Roberts, Debtors.

Ronald L. GLICK, Trustee *, Plaintiff,

v.

Donald J. BROGAN, Paparone Group/Don Brogan Realty, Star Realty, j/s/a, Defendants.

Bankruptcy No. 80–04689.
Adv. No. 84–0161.

United States Bankruptcy Court,
D. New Jersey.

Feb. 14, 1986.

Ronald L. Glick, Cinnaminson, N.J., plaintiff/trustee for Estate of Albert W. Roberts, Jr. and Caroline Roberts.

Donald L. Katz, Turnersville, N.J., for defendants, Donald J. Brogan and Paparone Group/Don Brogan Realty.

---

* Robert L. Glick is the Trustee of the Estate of Albert W. Roberts, Jr. and Caroline Roberts.

But the pleadings merely refer to the plaintiff as "Robert L. Glick, Trustee."

Robert S. Greenberg, Vineland, N.J., for defendant, Star Realty.

## OPINION

EMIL F. GOLDHABER, Chief Judge:[1]

The query posed by this case is whether a realtor, not appointed by the bankruptcy court, who sells property of the estate without court approval or notice to creditors, may be compelled to disgorge the commissions which he received to the trustee. We conclude that turnover of the commissions is required.

We summarize the facts of this controversy as follows:[2] The debtors filed a petition for the repayment of their debts under chapter 13 of the Bankruptcy Code ("the Code"). At that time they owned a parcel of improved realty which became property of the bankruptcy estate on the filing of the petition. Shortly after the filing of the petition the court appointed the standing chapter 13 trustee to administer the debtors' estate. Subsequently, the debtors contracted with a realtor, one Donald J. Brogan ("Brogan") of Paparone Group/Don Brogan Realty ("Paparone"), for the sale of the premises. Brogan listed the property with at least one other real estate broker, Star Realty ("Star"), which was successful in locating a buyer for the realty. Nine days prior to the initially scheduled settlement of the sale, the realtors belatedly learned that the debtors had filed for relief under the Code. Approximately one

month later, the debtors, the trustee and the mortgagee consented to the entry of an order by the bankruptcy court for a modification, under 11 U.S.C. § 362(d) of the Code, of the automatic stay imposed by § 362(a) so the mortgagee could commence or continue state foreclosure remedies. The next day the property was sold by private sale for $52,000.00, minus sales commissions to Brogan for $2,080.00, and to Star for $1,560.00. Several months later the case was converted to a chapter 7 proceeding, the chapter 13 trustee was dismissed and a chapter 7 trustee was appointed.

The trustee filed the instant complaint seeking turnover of the sales commissions from Brogan, Paparone and Star. The trustee moved for summary judgment and thereafter Brogan and Paparone filed cross motions for summary judgment. We stress here that the trustee does not wish to set-aside the sale of the property; he merely seeks turnover of the sales commissions from the realtors.

The trustee contends that the realtors in the case before us are professional persons within the meaning of 11 U.S.C. § 327[3] of the Code, but that the court never approved their appointment. As unappointed professionals, the trustee alleges that they are not entitled to compensation from the estate under 11 U.S.C. § 330(a)[4] of the Code. As his third point the trustee posits that neither he nor any creditors received notice of the intended disbursement of

1. Specially designated to hear and dispose of cases in the United States Bankruptcy Court for the District of New Jersey.

2. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

3. § 327. Employment of professional persons. (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

4. § 330. Compensation of officers.

(a) After notice and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any para-professional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title;

\*   \*   \*   \*   \*   \*

sales commissions from the estate, as is required under § 330(a) and Bankruptcy Rule 2002(a)(7).[5]

The trustee's point is well taken that realtors are professional persons under § 327 of the Code. *See, e.g., Frankfurth v. Cummins* (In Re Cummins), 8 B.R. 701 (Bankr.C.D.Cal.1981), *reversed and remanded on other grounds*, 15 B.R. 893 (Bankr. 9th Cir.1981), *reh. den.*, 20 B.R. 652 (Bankr. 9th Cir.1982); *In Re C.H. Stuart, Inc.*, 16 B.R. 296 (Bankr.W.D.N.Y. 1981); *In Re Pathway, Inc.*, 41 B.R. 400 (Bankr.D.Hawaii 1984). The Code mandates that the employment of professionals under § 327 be approved by the bankruptcy court. § 327(a). The proper vehicle by which court approval is sought, is through an application filed by the trustee, the debtor in possession or a properly constituted committee. Bankruptcy Rule 2014(a). Notice need not be disseminated to creditors for the mere approval of the application, unless the court orders otherwise. After a properly appointed professional has performed the requisite services, he may file an application for compensation from funds in the bankruptcy estate. § 330(a). The procedure for obtaining this relief is by application. Bankruptcy Rule 2016. Except as otherwise provided in Bankruptcy Rule 2002, the court may not award compensation or a reimbursement of expenses in excess of $100.00 unless creditors are given 20 days notice during which they may file objections to the disbursement and request a hearing thereon.

In this circuit the rule has been strictly construed for at least six decades that a professional seeking compensation from the bankruptcy estate may not be paid for work done prior to the filing of his application for employment. *In Re Calpa Products*, 411 F.2d 1373 (3d Cir.1969); *In Re Hydrocarbon Chemicals, Inc.*, 411 F.2d 203 (3d Cir.1969); *In Re National Tool &*

Mfg. Co.*, 209 F.2d 256 (3d Cir.1954); *Kaufman v. Morrison* (In Re Robertson), 4 F.2d 248 (3d Cir.1925); *In Re Fidelity America Finance Corp.*, 48 B.R. 258 (Bankr.E.D.Pa. 1985). As we repeated recently in *Fidelity*:

> There is no question that [the professional applying for compensation] acted throughout in good faith and a denial to him of compensation is a harsh conclusion. However, the law is unquestionably settled....

*Fidelity*, 48 B.R. at 260, *quoting, In Re Progress Lektor Shave Corp.*, 117 F.2d 602, 604 (2d Cir.1941).

Since the realtors never obtained court approval of their employment, they cannot lawfully retain the sales commissions. We will accordingly enter an order granting the trustee's motion for summary judgment against the three defendants and deny the motion for summary judgment filed by Brogan and Paparone. We will also order Brogan and Paparone to turn over to the trustee their commission of $2,080.00 and likewise order Star to disburse to the trustee its commission of $1,560.00.

---

5. NOTICES TO CREDITORS, EQUITY SECURITY HOLDERS, AND UNITED STATES

(a) Twenty-Day Notices to Parties in Interest. except as provided in subdivisions (h), (i) and (k) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 20 days notice by mail of

\* \* \* \* \* \*

(7) hearings on all applications for compensation or reimbursement of expenses totalling in excess of $100;