**In re J.R. McCONNELL, Debtor.**

**Bankruptcy No. 86–10017–H3–11.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

July 16, 1987.

Mark Browning, Sheinfeld, Maley & Kay, Houston, Tex., for debtor.

Peter Johnson, Houston, Tex., trustee.

Daniel H. Johnson, Jr., Houston, Tex., for trustee.

## MEMORANDUM AND ORDER

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for consideration the "Application for Order Authorizing Employment of Rob Johnson Interest to Sale (sic) and Lease Real Property" filed June 1, 1987, and after consideration of such application the Court enters the following Order.

Trustee, Peter Johnson, has previously filed three applications for employment of an entity known as "Robert Johnson Interests" to sell and lease property of the estate. By Order dated March 4, 1987, the Court declined the application filed on February 27, 1987, for failure to provide adequate information. The Trustee failed to list the properties which are to be subject to the requested order, the value of each property, the advisability of the sale and the customary rates of the broker.

The Court granted in part the Application filed on April 22, 1987. By Order dated May 8, 1987, the Court allowed the Trustee to hire Rob Johnson Interests to sell and lease the property listed in Paragraphs 3(a), (b), and (c) of the Application filed April 22, 1987.

The instant Application filed June 1, 1987, provides a list of 19 parcels of real property, including 68 acres located at Rankin Road and the Hardy Toll Road in Houston, Texas, 27 acres in Jacksonville, Florida, Old Galveston Square in Galveston, Texas, The Sealy Mansion in Galveston, Texas, and several apartment projects. No estimates of the value of the 19 parcels have been provided, but it must be presumed that the total value is in the multimillions. Such a listing may well be one which can be accomplished on terms more favorable to the estate than those proposed at Paragraph seven (7) of the Application. *See In re Warrior Drilling and Engineering Co., Inc.*, 18 B.R. 684 (N.D.Ala.1981) where the court held agreement establishing terms and conditions of employment is subject to approval of Bankruptcy Court.

The Application seeks approval of brokerage fees of six (6) percent of any total sales price and lease commissions of six (6) percent of total rentals, to be paid 50% on execution of the lease and 50% upon move-in by the tenant. However, at the time of the execution of the lease the estate may have received no money from tenant, and at the time of move-in it will be years before the estate receives the income anticipated, and such income may be uncertain depending on whether the tenant complies with its rental obligations.

The Trustee avers that such rates "are the customary and usual rates charged by realtors in Harris and Galveston counties." This Court is well aware that brokerage fee under Texas law may be fixed by sales contract or listing agreement entered into between the parties. *Phillips v. Campbell*, 480 S.W.2d 250 (Tex.Civ.App.—Houston (14th Dist.) 1972, writ ref'd n.r.e.); *H.R. Matise Co. v. Zurn*, 754 F.2d 560 (5th Cir. 1985).

However, this Court is aware that antitrust law does not authorize the systematic use of fixed commission rates by real estate firms and brokers in a given area. *McLain v. Real Estate Board of New Orleans, Inc.*, 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980); Sherman Antitrust Act, 15 U.S.C. 1 et seq. In addition, a listing of the size contemplated here may well be subject to a negotiated rate lower than the usual. The lease brokerage rate may well be less where the broker is fully paid at time of move-in.

Realtors are professionals under Section 327 of the Bankruptcy Code. *In re Pathway, Inc.*, 41 B.R. 400 (Bankr.D.Hawaii 1984); *In re Roberts*, 58 B.R. 65 (Bankr.D.N.J.1986). It is within the discretion of Bankruptcy Court to approve a trustee's proposed sale of property of the

estate. *In re Perkins,* 52 B.R. 355 (Bankr. M.D.Fla.1985). In determining the proper rate of the broker's commission, the customary rates for similar services in the area is merely one element, among others, the court may consider. *Vaniman International, Inc. v. Rick Kreindler Associates, Inc.,* 24 B.R. 207 (E.D.N.Y.1982). In addition, legislative history provides:

> In a bankruptcy case fees are not a matter for private agreement. There is an inherent public interest that must be considered in awarding fees ... compensation in private employment ... is a point of reference not a controlling determination of what shall be allowed in bankruptcy cases.

House Rep. No. 95–595, 954th Cong., 2d Sess. 40, 1978 U.S. Code Cong. and Admin. News 5787, 5826.

Accordingly, the Trustee's Application is denied without prejudice.

It is so ORDERED.