In re the MARLIN OIL COMPANY, a Colorado corporation, d/b/a Sterling Well Service, Debtor.

Bankruptcy No. 85 B 07436 J.

United States Bankruptcy Court, D. Colorado.

Feb. 17, 1988.

R. Brent Alderfer, Alderfer & Hern, Denver, Colo., for Churchill Energy, Inc., successor in interest to Marlin Oil Co.

Phillip D. Barber, Welborn, Dufford, Brown & Tooley, Denver, Colo., for Nat. Gas Associates of Colorado.

## ORDER RE: CLAIM OF NATURAL GAS ASSOCIATES OF COLORADO

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for hearing on the objection to the claim of Natural Gas Associates of Colorado ("NGA").

The Debtor herein filed its voluntary petition in bankruptcy under Chapter 11 on December 2, 1985. Prior to that date, NGA was retained by a law firm representing the Debtor in litigation against People's Natural Gas as experts in that litigation. At the time the bankruptcy petition was filed, NGA was owed $11,037.00 for its work.

NGA refused to continue its efforts (specifically it refused to finalize its report or to appear at trial) until it was paid this pre-petition, unsecured debt. *See,* Application for Order Authorizing Payment of a Certain Pre–Petition Obligation, with attached exhibits, filed herein on March 6, 1986. On March 18, 1986, this Court ordered "that the Debtor be and hereby is authorized to pay Natural Gas Associates of Colorado the sum of eleven thousand thirty-seven ($11,037.00) dollars for services rendered by them." *See,* Exhibit 3. In the meantime, on or about January 21, 1985, NGA filed its Proof of Claim for the $11,037.00.

On March 27, 1986, the Creditors' Committee filed its Motion to Preserve Assets of the Estate and to Prohibit the Debtor from Paying Specified Expenses Without

Court Approval. On March 28, 1986, this Court ordered that the Debtor shall not make any further expenditures to certain parties, including NGA, without proper application and further authorization by this Court. *See,* Exhibit 6.

On January 15, 1987, NGA filed an Amended Proof of Claim (Exhibit 4) claiming $14,384.50 as an administrative priority expense of the estate. This claim included the $11,037.00 pre-petition amount plus $3,347.50 for post-petition services.

A summary of the account with the Debtor is as follows (as shown from Exhibits A, B, and 4):

| Invoice Date | Invoice Period | Invoice Amount | Payment by Dbtr. | Date Paid | Balance |
|---|---|---|---|---|---|
| 9/18–12/4 | Beginning to 12/2 | $12,537.00 | $1,500.00 | – | $11,037.00 |
| 12/31 | 12/3–12/15 | 5,037.50 | 5,037.50 | 1/21 | 11,037.00 |
| 1/8 | 12/16–12/31 | 5,105.00 | 5,105.00 | 2/20 | 11,037.00 |
| 3/4 | 1/1–3/4 | 5,173.75 | 5,173.75 | 3/25 | 11,037.00 |
| 4/2 | 3/16–3/31 | 2,297.50 | – | – | 13,334.50 |
| 4/16 | 4/1–4/15 | 1,050.00 | – | – | 14,384.50 |

NGA is claiming it is entitled to payment as an administrative expense priority under 11 U.S.C. § 503(b)(1)(A), *or* that its contract with the Debtor was executory and that this contract was assumed in the Debtor's confirmed plan of reorganization, *or* that the Application filed March 6, 1986, and the Court's Order of March 18, 1986, estops the Debtor from objecting to its claim.

It should be noted that at no time was there ever an application made nor Court approval obtained, for the Debtor to employ NGA as a professional person under 11 U.S.C. § 327. NGA is clearly a "professional person" as contemplated in that section. Even the Application and Order in March, 1986, failed to comply with § 307. All the Court authorized was for the Debtor to pay $11,237.00 to NGA. No finding or ruling was made that NGA was qualified under § 327, and no ruling was made as to the validity of NGA's then pending proof of claim for $11,037.00.

■ Clearly NGA cannot say it was in the ordinary course of business for the Debtor to hire them because the Debtor was not in the business of litigation. It was in the oil and gas business, so NGA cannot qualify under § 327.

■ The Bankruptcy Code contains numerous and detailed provisions concerning the employment of professional persons and their compensation and payment: See 11 U.S.C. §§ 327, 328, 330 and 503(b)(2). In light of these provisions, Congress cannot have intended that a professional person could sidestep the specific requirements set forth and come in later and claim payment under the general provision of § 503(b)(1)(A) as an actual, necessary cost of preserving the estate. Nor was it contemplated that professionals such as attorneys, could enter into executory contracts pre-petition and have the Debtor assume such a contract and thus avoid the scrutiny of the Court and the other creditors under the Code provisions cited, *supra.*

The Court only authorized the Debtor to pay NGA $11,037.00 for pre-petition services. As shown above, NGA was paid $15,316.25, or $4,279.25 in excess of this Court's authorization. That NGA chose to apply these payments to post-petition services is of no consequence because there was no authority for the Debtor to make payments for post-petition services. The successor to t.ie Debtor, and the objector herein, Churchill Energy, Inc., has not counterclaimed for this $4,279.25 in unauthorized payments, so this Court will not order that it be returned. However, this Court finds that the Debtor was authorized to pay NGA $11,037.00 for its pre-petition services. It has been paid in excess of that amount. Further, NGA, because it is a "professional person", is not entitled to payment for any of its post-petition services because it did not comply with the spe-

cific Bankruptcy Code requirements that would entitle it to payment. It is, therefore,

ORDERED that the Amended Proof of Claim of Natural Gas Associates of Colorado filed January 15, 1987, is denied in its entirety.