**In re CHANNEL 2 ASSOCIATES, a New Mexico limited partnership, (KNMZ–TV) Federal I.D. # 85–032327, Debtor.**

**No. 11–87–01609 MS.**

United States Bankruptcy Court,
D. New Mexico.

July 14, 1988.

Jonathan B. Sutin, Albuquerque, N.M., for debtor.

Carol M. Clark, Albuquerque, N.M., for Clifton, Gardiner.

James S. Starzynski, Albuquerque, N.M., for Paramount.

Robert H. Jacobvitz, Albuquerque, N.M., for U.C.C.

## ORDER

MARK B. McFEELEY, Bankruptcy Judge.

This matter is before the Court on two motions filed by the debtor. In the first, debtor moves the Court for an order allowing the payment of $120,000 in broker commissions to Clifton, Gardiner & Associates, Inc. (Clifton, Gardiner) as an administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A). In the second, debtor seeks to assume the Clifton, Gardiner listing agreement as an executory contract.[1]

*Administrative Claim*

Debtor argues that the brokerage commission due Clifton, Gardiner is an actual and necessary cost or expense of preserving the estate, and thus should be treated as an administrative expense under 11 U.S.C. § 503(b)(1)(A).

11 U.S.C. § 503(b) provides, in part:

After notice and a hearing, there shall be allowed administrative expenses, ... including —(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;

. . . . .

1. In an order entered in this case on June 23, 1988, the Court denied *nunc pro tunc* appointment of Clifton, Gardiner as a professional person.

(2) compensation and reimbursement awarded under section 330(a) of this title;

. . .

Thus, the statute that authorizes the payment of administrative expenses differentiates between costs and expenses of preserving the estate and compensation awarded to professional persons under § 330(a). Compensation should not be awarded to a professional person under § 503(b)(1)(A). The requirements of § 503(b)(2) must be met. *See In re F/S Airlease II, Inc.,* 844 F.2d 99, 17 B.C.D. 734, 745 (3d Cir.1988) (compensation of a non–§ 327 approved professional through § 503(b)(1) would render § 327 nugatory and contravene Congress' intent). Therefore payment of the brokerage commission will depend on whether Clifton, Gardiner is a professional person.[2]

■ The Court finds that Clifton, Gardiner is a professional person for the purposes of § 327(a). First, the Court notes that the bankruptcy courts routinely hold that real estate brokers are "professional persons." *See, e.g. In re Roberts,* 58 B.R. 65, 67 (Bankr.D.N.J.1986); *In re Pathway, Inc.,* 41 B.R. 400, 401 (Bankr.D.Hawaii 1984); *In re Cummins,* 8 B.R. 701, 702 (Bankr.C.D.Cal.) *rev'd. on other grounds,* 15 B.R. 893 (9th Cir.1981). Debtor argues that these cases should not apply because Clifton, Gardiner was a broker of personal property only. That distinction is not material, however, because the nature of services provided was the same: producing a willing buyer for a debtor's assets in return for a commission. *See In re THC Financial Corp.,* 837 F.2d 389, 391 (9th Cir.1988) (the policy underlying court approval of a real estate broker's appointment is to give creditors notice of the employment and forthcoming commission because that notice might affect their approval of the sale) (decided under former law).

Second, Clifton, Gardiner would be a professional person under the test established in *Matter of Seatrain Lines, Inc.,* 13 B.R. 980 (Bankr.S.D.N.Y.1981). In that case the Court stated:

> For the purposes of section 327(a), "professional person" is limited to persons in those occupations which play a central role in the administration of the debtor proceeding. Court approval is required for the retention of attorneys, accountants, appraisers, auctioneers and persons in other professions intimately involved in the administration of the debtor's estate.

*Id.* at 981. Clifton, Gardiner played a central role in Channel 2's reorganization by finding a willing buyer for the television station.

■ Having found that Clifton, Gardiner is a professional person, the requirements of § 503(b)(2) must be met. Clifton, Gardiner was not approved under § 327, so debtor's claim for an administrative expense payment is denied.

*Executory Contract*

■ The listing agreement debtor seeks to assume is dated March 2, 1987. Debtor filed its bankruptcy petition on August 4, 1987. Clifton, Gardiner produced the buyer and the purchase agreement was signed on September 25, 1987. On February 29, 1988, debtor filed its "Assumptions of Executory Contracts" with the Court and listed the Clifton, Gardiner contract as assumed.

Without deciding whether this contract is executory and therefore capable of being assumed under § 365,[3] the court holds that § 365 cannot be used to circumvent the

---

2. The Court did not need to reach this question in its June 23, 1988, order because no extraordinary circumstances were shown that would have justified a *nunc pro tunc* order.

3. A contract is executory if substantial performance is due from both parties, such that failure by either would constitute a material breach. *See Shaw v. Dawson,* 48 B.R. 857, 859 (D.N.M. 1985) (*citing* Countryman, *Executory Contracts in Bankruptcy, Part I,* 57 Minn.L.R. 439, 460 (1973)). The non-exclusive agreement in this case calls for Clifton, Gardiner to use "its best efforts to procure a sale". The only substantial performance due from Channel 2 was to pay "in the event" of a sale agreement. Also, by the time debtor purported to assume the contract *no* performance was due from Clifton, Gardiner. They completed performance in September, 1987.

requirements of § 327. Even if the contract were executory, the debtor seeks to pay a professional person. Compensation for professionals is governed by § 330, which requires § 327 Court approval.

IT IS ORDERED that debtor's motion to pay the Clifton, Gardiner & Associates broker commission as an administrative expense is denied.

IT IS ORDERED that debtor's motion to assume the Clifton, Gardiner & Associates listing agreement is denied.