In re WILLIAM A. SMITH CONSTRUCTION COMPANY, INC., Debtor.

Bankruptcy No. B87–2310.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Nov. 2, 1988.

Richard Schreiber, Cleveland, Ohio, movant.

Dennis P. Zapka, Frutig, Polito & Travis Co., L.P.A., Cleveland, Ohio, for trustee.

Edward R. Brown, Arter & Hadden, Cleveland, Ohio, for Halliburton Co.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter before the Court is a motion of Richard Schreiber (Schreiber) for payment of administrative expenses. Following a hearing with due notice having been provided to all entitled parties, the following constitutes the Court's findings and conclusions:

### I.

This is a core matter under provisions of 28 U.S.C. § 157(b)(2)(A), with jurisdiction further conferred under 28 U.S.C. § 1334 and General Order No. 84 of this District. Herein, the movant, Schreiber, asserts that he was employed by the William A. Smith Construction Company, Inc. (Debtor) prepetition and continued as an employee through September of 1987.[1] He further asserts that his employment contract with the Debtor required him to receive a $2,200.00 monthly salary. To recover those salaries for the postpetition period described above, the present motion for an allowance of administrative expenses was filed.

1. The Debtor filed a petition for relief under Chapter 11 on July 1, 1987.

2. In an earlier adversary proceeding, this Court ruled that Harris and others who attempted a

In support of his motion for administrative expense, Schreiber contends that he performed services to the Debtor which, *inter alia*, were inclusive of the following: (1) Informing creditors of the bankruptcy and answering their questions; (2) Helping creditors release their liens against the Debtor; (3) Working on financial statements for July and August filed with the Court; (4) Preparing for and attending bankruptcy hearings and educating counsel on the issues involved; (5) Acting as a liaison between the Debtor and one Gary Harris (Harris) until a trustee was appointed.

The dispositive issue is whether the movant has presented a valid claim for payment of administrative expenses. At the hearing on this matter, Schreiber appeared *pro se*. Upon inquiry of the Court relative to his employer, he stated that he was an employee of the Debtor prepetition and further stated that his initial supervisor prepetition was one James Ray. Postpetition, and prior to the appointment of a trustee, he stated that most of his instructions came from Harris.[2] Schreiber further acknowledged that postpetition, and prior to appointment of a court-appointed trustee, Harris controlled the Debtor's purse strings. For the following reasons, Schreiber's motion for payment of administrative expenses is denied:

### II.

Section 503(b)(1)(A) allows recovery of administrative expenses where such were actually made and effectively preserved the debtor's estate for the benefit of creditors. This provision of § 503 includes allowances for wages, salaries, etc., rendered postpetition. This statutory provision does not allow such an allocation to Schreiber for two specific reasons. The cash collateral utilized by the Debtor corporation was that of the Halliburton Company (Halliburton). By orders of this Court, the Debtor initially was allowed to continue

takeover of the Debtor corporation were not the lawful owners of the Debtor. *See, Halliburton Co. v. Wm. A. Smith Constr. Co., et al.,* 86 B.R. 115 (Bankr.N.D.Ohio, 1988) Baxter, J.

operations under §§ 1107 and 1108 and was authorized to use the Halliburton's cash collateral, subject to certain restrictions. Specifically, the interim cash collateral order entered on July 14, 1987, provided that no payments were to be made to any entity controlled by or affiliated with Gary Harris. Further, the permanent order authorizing a use of Halliburton's cash collateral by the Debtor, which was entered on August 19, 1987, explicitly named the movant, Richard Schreiber, as a person who could not receive payments from Halliburton's cash collateral. Although no objection was made by Halliburton to the instant motion, the Court takes judicial notice of its record in this regard. *See,* Rule 201, Fed.R.Evid.; *Matter of Baldwin–United Corp.,* 79 B.R. 321, 323–24 (Bankr.S.D.Ohio 1987). Thusly, payment to Schreiber is prohibited by two cash collateral orders of this Court.

■ Section 503(b)(2) addresses an allowance of administrative expenses for compensation and reimbursement awarded under § 330(a) of the Code. Again, however, no relief can be given to Schreiber under this statutory provision. Compensation awarded under § 330 is awardable only to a professional person employed under §§ 327 or 1103 of the Code. Those latter Code sections require court approval of individuals receiving compensation under § 330. Although Schreiber contends that he was a postpetition employee of the Debtor, the record is silent to indicate where any party-in-interest ever applied for Schreiber to be retained as a professional under § 327, and the record does not reflect that the Court ever appointed him as a professional in the case. In Adversary Proceeding No. B87–595 of this case, Plaintiff's Exhibit No. 6 reveals that Schreiber was appointed prepetition as a Vice–President of the Debtor. If, indeed, he served as a corporate officer, he was obliged to provide the Court appointed trustee with information pertinent to the corporation. Despite the assistance rendered, and regardless of the value of that assistance, there is no provision in the Code allowing compensation for such services. *See, Crutcher v. Logan,* 102 F.2d 612, 613 (5th Cir.1939); *In re Eureka Upholstering Co, Inc.,* 48 F.2d 95 (2d Cir.1931).

Professional services performed for a bankruptcy estate are compensable out of the estate's assets only if such professional assistance has been authorized by the Court prior to the services being rendered. *See, In re Mansfield Tire & Rubber Co.,* 65 B.R. 446, 466 (Bankr.N.D.Ohio 1986); *In re Morton Shoe Co., Inc.,* 22 B.R. 449, 9 B.C.D. 654 (Bankr.D.Mass.1982). The purpose behind prior court approval for professional services is to enable the Court to have some control over depletion of estate assets and to better discern what administrative claims are made against the estate. *In re Ohio River Steel Corp.,* 65 B.R. 92 (Bankr.W.D.Ky.1986). It also allows the Court an opportunity to assess the integrity of the professionals being engaged. *See, In re Hydrocarbon Chemicals, Inc.,* 411 F.2d 203, 205 (3d Cir.1969); *cert. denied,* 396 U.S. 823, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969); *In re Cuisine Magazine,* 61 B.R. 210, 216 (Bankr.S.D.N.Y.1986). The fact that such unauthorized services may have been beneficial to the estate is immaterial. *Id.*

■ Further, the movant fails to qualify for administrative expenses under § 503(b)(2) and § 330 for the reason that he fails the "disinterestedness" requirement of § 327(a). A disinterested person is defined under § 101(13) of the Code as a person who is not a creditor, an equity security holder, or an insider; and is not and was not within two years prepetition a director, officer, or employee of the Debtor. Because of Schreiber's past position as a Vice–President and any other capacity which he now holds himself out as an employee, these statutory provisions would preclude an award of compensation. Additionally, once the Trustee was appointed, § 327(b) authorized him to retain various professionals to assist him respecting the administration of the estate. Of the several professionals retained by the Trustee, Schreiber was not among those retained. Therefore, the movant fails to qualify for an allowance of administrative expenses under §§ 503, 327, and 330 of the Code.

*See, In re Marlin*, 83 B.R. 50, 51, 17 B.C.D. 289 (Bankr.D.Colo.1988).

Accordingly, the movant's motion for an allowance of administrative expenses is denied.

IT IS SO ORDERED.