**In re CUTLER MANUFACTURING CORPORATION, Debtor.**

**Bankruptcy No. 87–4369–8B1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 19, 1989.

Raymond Farfante, Jr., Tampa, Fla., and Henry Bergman, for debtor.

Jeffrey Warren, Tampa, Fla., for Harold Holder, Sr.

Robert Glenn, Tampa, Fla., for Florida Nat. Bank.

Robert Soriano, Tampa, Fla., and Gary Phillip Nelson, for Pittsburgh Nat. Bank.

Harley Riedel, Tampa, Fla., for Official Creditors' Committee.

Sharon Zuch, Tampa, Fla., for Peat Marwick.

Michael Horan, Tampa, Fla., for Alumco Industries.

James H. Peterson, III, Lakeland, Fla., for Allsun Pure Juice Corp.

Robert C. Burke, Jr., Clearwater, Fla., for Dyna Tech Plastics.

John B. MacDonald, Jacksonville, Fla., for BFE, Inc.

Edward M. Waller, Jr., for John P. Chambers.

Sara L. Kistler, for U.S. Trustee.

Asst. U.S. Atty.: Dennis Moore.

## ORDER ON DEBTOR'S AMENDED APPLICATION FOR AUTHORITY TO COMPENSATE DIRECTORS AND OTHERS PARTIES UNDER § 503(b)(1)(A)

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THIS CAUSE came on to be heard upon the Amended Application of the Debtor to compensate certain of its directors, Goldman, Steinmetz, and Kaltnecker, plus other individuals, Stanhope, Valenzano, and Lehner.

Previously, the Debtor sought to employ as business and financial consultant a corporation called Reorganex, Inc., under § 327 of the Code. This Court held a hearing on various objections to said Application. The major objection went to the fact Reorganex was organized and controlled by the same individuals now seeking an administrative expense under § 503 of the Code. It was further determined Reorganex, because of these particular individuals' association and control of both Reorganex and the Debtor, was not entitled to be appointed or compensated as a professional under § 327 of the Code. In that the Application to be employed as a professional was filed on behalf of Reorganex, this Court did not rule on and gave leave to the individuals to file an application under § 503(b)(1)(A) of the Code.

After several hearings, this Court considered the objections by the creditors and U.S. Trustee to the Amended Application for Authority to Compensate Directors and Other Parties, reviewed the Application and has determined that said Amended Application to Compensate under § 503 is an inappropriate mechanism upon which to compensate these parties. It is quite clear from the evidence that Reorganex was established by these individuals for the purpose of acquiring, controlling or otherwise benefiting from the operation or future sale of the Debtor. These individuals activities, whether under the guise of Reorganex or directors or professionals clearly show that they are not disinterested parties. Their actions were for their own benefit or for the benefit of corporations they controlled.

This Court has found Reorganex was not eligible to be employed as a professional. If these individual persons had sought to be employed as a professional, they, too, would have been denied because they are not disinterested persons. They cannot now come to this Court upon the same facts and evidence and seek to establish under § 503 rights they could not acquire under § 327. While this Court believes there may be circumstances whereby there is a choice by an individual to seek compensation under either § 327 or § 503, clearly, this is not the case. As Judge Brumbaugh stated in *In re Martin Oil Company*, 83 B.R. 50 (Bkrtcy.D.Colo., 1988), "The Bankruptcy Code contains numerous and detailed provisions concerning the employment of professional persons and their compensation and payment: *See* 11 U.S.C. § 327, § 328, § 330 and § 503(b)(2). In light of these provisions, Congress cannot have intended that a professional person could sidestep the specific requirements set forth and come in later and claim payment under the general provisions of § 503(b)(1)(A) as an actual, necessary cost of preserving the estate...." Nor does this Court believe that Congress contemplated that individuals who would be ineligible to be employed as professionals under the facts in this case could come back later

and seek compensation under § 503 for the same activities which they would be denied compensation under § 327. *In re Channel 2 Associates,* 88 B.R. 351 (Bkrtcy.N.Mex., 1988); *see also F/S Airlease II, Inc. v. Simon, et al,* 844 F.2d 99 (3d Cir.1988).

Notwithstanding the fact this Court has determined these individuals are not entitled to compensation under § 503 of the Code, the Court would further find that even if this threshold issue was hurdled, it is clear from the Applications the efforts of the directors and the individuals were more for the benefit of Reorganex and its controlling individuals than it was for the Debtor. One would certainly have to question the directors' fiduciary duty to the Debtor. And the specific times and subject matter sought to be compensated appear to be extensively inflated and but for the fact these parties do not qualify under § 503, this Court would have to deny any such compensation.

ORDERED, ADJUDGED AND DECREED that based on the above findings, this Court sustains the objections by the creditors, Florida National Bank and Pittsburgh National Bank and the U.S. Trustee to Debtor's Amended Application for Authority to Compensate and Reimburse its Directors and Other Persons.

DONE AND ORDERED.