LEVIN & WEINTRAUB, Appellants,

v.

Alfred A. ROSENBERG, Trustee, Appellee.

In the Matter of BEEHLER ARTS, LTD., Bankrupt.

No. 341, Docket 28641.

United States Court of Appeals Second Circuit.

Argued March 11, 1964.

Decided April 6, 1964.

amine the fees paid to the appellant. The referee determined that the trustee was barred by the two year limitation period imposed via § 11, sub. e of the Bankruptcy Act, 11 U.S.C. § 29, sub. e on causes of action derived from the Bankruptcy Act. See Herget v. Central Nat. Bank & Trust Co., 324 U.S. 4, 65 S.Ct. 505, 89 L.Ed. 656 (1945). However, the referee held that the 1963 amendment to § 60, sub. d of the Bankruptcy Act, 11 U.S.C. § 96, sub. d, which authorized the court, on its own motion, to reexamine counsel fees paid by a debtor, was not subject to any limitations period imposed by § 11, sub. e.

This is a question of first impression, depending on the interpretation of the 1963 amendment to § 60, sub. d. The Senate Report on the amendment states that its purpose is "to strengthen the provisions of the Bankruptcy Act governing the review of attorneys' fees by the bankruptcy court." Congress apparently felt that "lawyers are frequently reluctant to challenge the fairness of the fees charged by their colleagues" and the referees have been hesitant to examine the fees on their own. U.S.Code Cong. & Admin.News, pp. 637–638 (1963).

 Nothing is said in the amendment or in the legislative history as to whether the limitations period of § 11, sub. e is to apply to the court's power to reexamine the fees. Appellant contends that the right even though enforced by the court is really derivative from the trustee's rights regarding counsel fees and should be subject to the same limitations. We think, however, that the course taken, of making review a matter for the court in the bankruptcy proceeding, is not wholly consistent with an intent to cut off the court's power of review while the proceeding is still pending before it, that such a limitation if intended would have been expressed, and that the Congressional purpose of strengthening the Act in this regard is best carried out by preserving the court's power free from the limitations of § 11, sub. e.

Benjamin Weintraub, New York City (Levin & Weintraub and Herman A. Bursky, New York City, on the brief), pro se.

Before SMITH, KAUFMAN and MARSHALL, Circuit Judges.

SMITH, Circuit Judge.

This is an appeal from an order of the United States District Court for the Eastern District of New York, Rayfiel, J., upholding the bankruptcy referee's determination that the attorney fees paid by the debtor to the appellant were excessive. The $2550 fee was reduced to $750, primarily because the size of the estate had shrunk considerably in administration. We find the reduction justified and affirm the order.

The petition was filed more than two years before the trustee moved to ex-

■ Time spent and appellants' standing in the field are relevant factors in considering the amount of the fee. However, the size of the estate and the amount available are also relevant factors. Rosenberg v. United States, 242 F. 2d 141 (2 Cir. 1957). In this case the balance available is some $4200 out of gross assets of $19,000, against which are claims for allowances of some $5500, and priority claims of over $50,000, obviously leaving nothing for general creditors. The reduction of appellant's fee from $2550 plus $50 disbursements to $750 plus $50 disbursements appears to us reasonable.

The order of the District Court is affirmed.