**In the Matter of BURSTEIN–APPLEBEE COMPANY, Debtor.**

**C. Michael FRANKE, trustee in bankruptcy, Plaintiff,**

v.

**S.M.R.S., INC., and Allen Fishman, Defendants.**

Bankruptcy No. 80–00968–3.

Adv. No. 82–0968–3.

United States Bankruptcy Court, W.D. Missouri, W.D.

June 22, 1983.

John R. Stonitsch, Kansas City, Mo., for plaintiff.

Daniel J. Flanigan, Kansas City, Mo., for defendants.

FINAL JUDGMENT DISMISSING COMPLAINT AS BARRED BY THE APPLICABLE STATUTES OF LIMITATION

DENNIS J. STEWART, Bankruptcy Judge.

This is an action brought by the plaintiff trustee in bankruptcy to compel the return

of certain prebankruptcy and postbankruptcy payments allegedly made by the debtor to the defendants. It is alleged in the complaint at bar that these involuntary title 11 proceedings were commenced on April 3, 1980; that, prior to that date, "on or about March 18, 1980, authorization was given the corporation, Burstein-Applebee, to employ S.M.R.S., Inc., as a consulting agent, to perform certain services for Burstein-Applebee"; that the defendant Allen Fishman "was an officer of S.M.R.S., Inc., at the time of said employment";[1] that "the compensation rate to be paid S.M.R.S., Inc., was $100 per hour or $2,000 per week"; that, prior to the filing, "the following monies were paid to S.M.R.S., Inc ... $2,000 on 3/17/80"; and that "the following monies were paid to S.M.R.S., Inc., subsequent to the filing: 4/22/80 $10,000, 4/1/80 $2,000, 5/15/80 $2,000, 5/15/80 $2,000."

Trial of this action was conducted by the court of bankruptcy on May 24, 1983, whereupon the plaintiff appeared personally and by John R. Stonitsch, Esquire, his counsel, and the defendants appeared by counsel, Daniel J. Flanigan, Esquire, and the defendant Allen Fishman also appeared personally. The evidence which was then adduced showed that the defendant Fishman was an "insider" of the debtor corporation and also caused the defendant S.M.R.S., Inc., to be incorporated; that it was a corporation comprised of his 17 year old daughter and his 12 year old daughter; that, according to his testimony, it was initially formed and incorporated for the purpose of offering "counseling services to diabetics"; that it later contracted with the debtor corporation to provide financial counseling; that it continued to do so right up to and past the date of the filing of the involuntary petition which inaugurated these title 11 proceedings and the date of the involuntary adjudication, admittedly receiving all the payments on the dates and in the amounts alleged in the complaint; that the defendant Fishman acted as an employee of the S.M.R.S. corporation in rendering the services, which are at best but generally described in the evidence[2]; that, according to his testimony, he received no salary from S.M.R.S. and did not benefit from the payments; that the last payment for such services was received by S.M.R.S., as alleged in the complaint, on May 15, 1980; and that the complaint at bar was filed more than two years later on June 15, 1982.

The evidence may thus warrant an inference that there was a scheme afoot for delivery of money out of the debtor corporation to insiders[3] or others which might ordinarily be nullifiable in part under sections 547 and 548 of the Bankruptcy Code as preferential or fraudulent transfers and in part under section 549 of the Bankruptcy Code as unauthorized postpetition transfers.[4] But, with respect to any challenge to unauthorized postpetition transfers, the trustee's complaint shows on its face and the evidence shows without contradiction that his complaint was filed more than two years subsequent to the last challenged payment. Accordingly, it is barred by the applicable statutes of limitation. Section 549(d) of the Bankruptcy Code requires that

---

1. The evidence shows that the defendant Allen Fishman was an officer of Burstein-Applebee and was thus an "insider" within the meaning of section 101(25) of the Bankruptcy Code.

2. A very conclusionary statement of the hours worked has been offered in evidence and received in evidence without objection by the trustee. But it, in combination with the general testimony respecting the nature of the services rendered, would appear to be insufficient to justify any payments, particularly when, with respect to the postbankruptcy services, no authorization of court for professional services was obtained. See section 328(a) of the Bankruptcy Code.

3. The fact that the S.M.R.S. corporation was comprised only of relatives of an officer of Burstein-Applebee would appear to make that entity an insider within the meaning of section 101(25)(B)(vi) of the Bankruptcy Code.

4. These sections are not referred to in the complaint filed by the plaintiff, but these, and possibly other sections which come within that limitation imposed by section 546(a) of the Bankruptcy Code, appear to be the only possibilities for recovery by the trustee in this action.

a trustee's suit to recover postpetition transfer of property of the estate "may not be commenced after the earlier of (1) two years after the date of the transfer sought to be avoided; and (2) the time the case is closed or dismissed." Thus, the clear wording of that statute requires dismissal of the action insofar as it pertains to the post-bankruptcy transfers.

 The same result must obtain with respect to the prebankruptcy transfers which are nullifiable, if at all, under the provisions of sections 547 or 548 of the Bankruptcy Code or other statute for nullifying prebankruptcy transfers which is limited by section 546(a) of the Bankruptcy Code. That section provides that "(a)n action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of (1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; and (2) the time the case is closed or dismissed." The files and records in this case show that the court initially appointed the plaintiff as trustee on June 6, 1980, more than two years prior to the filing of the complaint at bar on June 15, 1982. It is true that this appointment was temporary and described in the order of appointment as an "interim" appointment until the hearing could be held to authorize the permanent appointment and that the appointment was reaffirmed subsequent to the hearing by an order entered on June 16, 1982. But the initial appointment on June 6, 1982, must necessarily be regarded as an appointment pursuant to section 1104 of the Bankruptcy Code, the only statute which authorizes the appointment of a trustee in the type of chapter 11 proceedings which this case then was.[5] Accordingly, the suit to recover the prebankruptcy transfer must also be regarded as barred by the statute of limitations.

 Nor can the defendant's failure to plead the defenses prior to the trial result in their now being considered waived when they arise clearly from the facts which were adduced at trial and were therefore tried by implication and were briefed by the defendant subsequent to trial.[6]

The court, accordingly, has no alternative under the circumstances of this case than to dismiss the complaint as barred by the statute of limitations. It is therefore

ADJUDGED that the complaint of the plaintiff be, and it is hereby, dismissed as barred by the statute of limitations.

---

5. Although the order refers to "interim trustee," section 701 cannot be regarded as having any applicability in chapter 11 proceedings, for that section is in subchapter I of chapter 7 of the Bankruptcy Code. And "(s)ubchapters I and II of chapter 7 of this title apply only in a case under such chapter." Therefore, appointment of a trustee in a chapter 11 case can only be conceived of as an appointment under section 1104 of the Bankruptcy Code.

6. "If an affirmative defense is not pleaded it is waived to the extent that the party who should have pleaded the affirmative defense may not introduce evidence in support thereof, unless the adverse party makes no objection in which case the issues are enlarged ..." 2A Moore's Federal Practice para. 8.27(3), pp. 8–251, 8–253 (1983). Further, the limitations defense affirmatively appears on the face of the complaint which was filed in this case. See *White v. Padgett,* 475 F.2d 79 (5th Cir.1973).