In re Earl D. WILSON a/k/a Earl Wilson, Wilson Properties, Ltd., Debtor.

William L. DAVIS, Successor Trustee, Plaintiff,

v.

AMERICAN EXPRESS COMPANY, Defendant.

Bankruptcy No. 3–83–00848.
Adv. No. 3–85–1020.

United States Bankruptcy Court,
E.D. Tennessee.

Dec. 10, 1985.

See also 50 B.R. 701, 52 B.R. 637, 52 B.R. 639.

Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, William S. Lockett, Jr., Knoxville, Tenn., for plaintiff.

Stone & Hinds, P.C., George F. Legg, Knoxville, Tenn., for defendant.

CLIVE W. BARE, Bankruptcy Judge.

## MEMORANDUM

At issue is whether the plaintiff trustee's action to avoid a postpetition transfer is barred by the two-year statute of limitations set forth in 11 U.S.C.A. § 549(d) (West 1979). The answer depends on whether the determinative transfer occurred when the check was issued or when the check was honored by the bank.

### I

An involuntary chapter 7 petition was filed against the debtor on May 26, 1983. An order for relief was entered on August 3, 1983.

On May 28, 1985, the plaintiff trustee filed a complaint to avoid under § 549 of the Bankruptcy Code an alleged $3,338.15 postpetition transfer to defendant. In the complaint the trustee alleged that "[o]n or about May 27, 1983, [the debtor] Earl D. Wilson transferred or caused to be transferred to the Defendant the sum of Three Thousand Three Hundred Thirty-Eight and 15/100 ($3,338.15)." Plaintiff's Complaint, ¶ 4(a).

After trial of the matter, this court permitted the trustee to amend the complaint to aver that the check in question was drawn on or about May 27, 1983, and subsequently honored by the drawee bank on June 2, 1983. The amended averments are undisputed.

The $3,338.15 transfer was made to defendant in payment of prepetition debts.

### II

As its sole defense, defendant maintains that the trustee's action is barred by the applicable statute of limitations set forth in Bankruptcy Code § 549(d). That subsection provides:

An action or proceeding under this section may not be commenced after the earlier of—

(1) two years after the date of the transfer sought to be avoided; and

(2) the time the case is closed or dismissed.

11 U.S.C.A. § 549(d) (West 1979).

Defendant maintains that the action brought on May 28, 1985, was one day late. In support of this defense, defendant asserts that the procedural rule of Bankruptcy Rule 9006, regarding computation of time, may not operate to modify substantive law by extending the applicable statute of limitations beyond its expiration date. Given the court's conclusions set forth below, however, the court need not address this issue here.

The court is persuaded that "the transfer sought to be avoided" under § 549 occurred when the check was honored by the drawee bank on June 2, 1983. Thus, the action commenced on May 28, 1985, was clearly brought within two years of the transfer.

Section 549 enables the trustee to avoid "a transfer of property of the estate ...

that occurs after the commencement of the case." [1] It is clear here that a transfer of property of the estate occurred when the check in question was honored by the bank. In *Ducker v. Isaac Building Corporation (In re Bridges Enterprises, Inc.)*, 44 B.R. 979 (Bankr.S.D.Ohio 1984) the court held that for purposes of § 549 a transfer by check occurred on the date the check was honored. Thus, the court concluded that a transfer by check written prior to the filing of an involuntary bankruptcy petition, but not honored until after the petition, was a postpetition transfer avoidable under § 549.

█ The Bankruptcy Code defines "transfer" as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property." 11. U.S.C.A. § 101(40) (West 1979). It is clear that property of the estate was parted with when the check was honored. A bank's relationship to that of its depositor is a debtor-creditor relationship, with the customer as creditor and the bank as the debtor. In the eyes of the law, the customer has "lent" the amount in his account to the bank and the bank is obliged to pay it out on order. J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code* 648 (2d ed. 1980). Under the applicable state law "[a] check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it." Tenn.Code Ann. § 47–3–409(1) (1979).

Since a check is not an assignment of a customer's funds but merely represents the customer's order upon the bank to pay a specified sum to the order of a certain person, a number of events between issuance and presentment might interfere with the normal payment procedure.

These include (1) knowledge or notice of the customer's death, incompetency, or bankruptcy, (2) the customer's stop payment order, (3) legal process (e.g. garnishment), (4) setoff by the drawee bank. *See generally* Tenn.Code Ann. §§ 47–4–303, –403, –405 (1979). *See also* White & Summers, *supra*, at 692.

As noted in *Ducker v. Isaac Building Corporation:*

> 'A check itself does not vest in the payee any title to or interest in the funds held by the drawee bank. See U.C.C. § 3–409. The check is simply an order to the drawee bank to pay the sum stated and does not constitute a transfer and delivery of the fund until it is paid.'

44 B.R. at 982 (quoting *In re Duffy*), 3 B.R. 263, 265 (Bankr.S.D.N.Y.1980) (§ 547(b) preferential transfer case).

It is without question that, even after a check is written, the funds representing the bank's debt to its customer remain, until presentment and payment of the check, subject to the drawer's control, to garnishment, and to setoff.

Thus, although the check in the instant case was issued on May 27, 1983, a transfer of property of the estate in the hands of the drawee bank clearly occurred when the check was subsequently honored on June 2, 1983. The trustee's action within two years thereafter was thus timely commenced. Judgment in the amount of $3,338.15 will be entered for the plaintiff trustee.

In accordance with Bankruptcy Rule 7052, this memorandum constitutes findings of fact and conclusions of law.

---

**1.** Except as provided in subsection (b) and (c) of this section, the trustee may avoid a transfer of property of the estate—
  (1) that occurs after the commencement of the case; and

  (2)(A) that is authorized under section 303(f) or 542(c) of this title; or
  (B) that is not authorized under this title or by the court.
11 U.S.C.A. § 549(a) (West 1979).