In re **MAJESTO ELECTRO INDUSTRIES, LTD., Majestic Lamp Manufacturing Corp., Dolphman Distributors, Inc., Majesto Contempo Company, Intercontinental Lighting Co., Debtors.**

**John J. THOMAS, Esq.,
Trustee, Plaintiff,**

v.

**J.P.S. ASSOCIATES, Defendant.**

**Bankruptcy Nos. 5–83–00303
to 5–83–00307.
Adv. No. 5–86–0130.**

United States Bankruptcy Court,
M.D. Pennsylvania.

Feb. 19, 1987.

Edward M. Pulaski, Wilkes-Barre, Pa., for Trustee Thomas.

Robert C. Nowalis, Wilkes-Barre, Pa., for defendant J.P.S.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The Trustee commenced this proceeding seeking to avoid and recover from defendant, J.P.S. Associates, post-bankruptcy payments made by debtor or one of its subsidiaries in order to satisfy a pre-bankruptcy indebtedness. Thereafter, defendant filed a Motion to Dismiss plaintiff's complaint pursuant to § 549(d) of the Bankruptcy Code. For the reasons provided herein, we grant defendant's requested relief.

## FINDINGS OF FACT

After reviewing the documents submitted by both parties, we make the following findings of fact.[1]

1. Debtor, Majesto Electro Industries, Inc., is the parent company of wholly owned divisions called Majestic Lamp Manufacturing Corporation, Dolphman Distributors, Inc., Majestic Contemporary Lighting and Intercontinental Lighting Company.

2. Debtor and its divisions (hereinafter debtors) filed petitions under Chapter 11 of the Bankruptcy Code on May 20, 1983. On November 26, 1984, debtors converted their cases to cases under Chapter 7 of the Bankruptcy Code.

3. On June 8, 1983, debtors transferred sales commissions totaling Four Thousand Six Hundred Seventeen and 49/100 ($4,617.49) Dollars to defendant. The defendant earned the above mentioned sales commissions before debtors filed their Chapter 11 petition.

4. On December 5, 1984, the Trustee was appointed Interim Trustee. Additionally, a meeting of creditors was held on December 28, 1984 pursuant to 11 U.S.C. § 341(a) of the Bankruptcy Code.

5. On November 25, 1986, the Trustee filed an adversary proceeding to avoid a post-petition transfer under § 549 of the Bankruptcy Code.

6. Lastly, defendant filed a Motion to Dismiss the Trustee's complaint on December 31, 1986.

## DISCUSSION

In addressing this proceeding, we are asked to determine whether the Trustee's Complaint should be dismissed pursuant to § 549(d) of the Bankruptcy Code. Section 549(d) of the Bankruptcy Code requires that a Trustee's suit to recover a post-petition transfer of property of the estate "may not be commenced after the earlier of (1) two years after the date of the transfer sought to be avoided; and (2) the time the case is closed or dismissed." *In the Matter of Burstein-Applebee Company*, 30 B.R. 779, 781 (Bankr.W.D.Mo.1983); *In re Wilson*, 56 B.R. 74 (Bankr.E.D.Tenn.1985). 11 U.S.C. § 549(d). In this instance debtors transferred sales commissions totaling $4,617.49 post-petition in order to satisfy pre-petition debts. Additionally, the Trustee did not file his complaint to avoid debt-

---

1. This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

or's post-petition transfers under § 549 of the Bankruptcy Code until November 25, 1986. More than two years had passed from the date of the alleged avoidable transfers. Thus, the clear wording of § 549(d) requires dismissal of the Trustee's complaint.

The Trustee argues that § 549 transfers made by a Chapter 11 debtor should be subject to the limitations period of § 546(a), not to the limitations period of § 549. The limitations period of § 546(a) runs from the date of the Trustee's appointment. Conversely, the § 549 limitations period runs from the date of the transfer sought to be avoided. 4 *Collier on Bankruptcy*, ¶ 549.-03, p. 549–15 (15th ed.). Congress clearly intended that actions brought under § 549 should be subject to the statute of limitations found therein. Consequently, we must apply the limitations period found in § 549 of the Bankruptcy Code.

The Trustee also argues that we should invoke the doctrine of tolling and permit the Trustee's case to be decided on the merits. However, § 549 does not have a provision which permits tolling. Additionally, "inaction by a Chapter 11 debtor-in-possession or Trustee, or by a Chapter 13 Trustee, will always operate against the Trustee in a superseding Chapter 7 case." *In re Afco Development Corporation*, 65 B.R. 781, 787 n. 7 (Bankr.D.Utah 1986). Thus, we grant defendant's Motion to Dismiss the Trustee's complaint.

## CONCLUSIONS OF LAW

1. Defendant's Motion to Dismiss the Trustee's complaint shall be sustained because the Trustee's requested relief is time-barred pursuant to § 549(d) of the Bankruptcy Code.

2. The doctrine of tolling is not applicable to the present case.