**In re 31–33 CORPORATION d/b/a O'Shaughnessy's Pub, Debtor.**

**Bankruptcy No. 86–01536S.**

United States Bankruptcy Court, E.D. Pennsylvania.

June 12, 1989.

Robert Szwajkos, Karin L. Moss, Philadelphia, Pa., Trustee.

Carl N. Weiner, Lansdale, Pa., for Continental Realty.

Michael D. Sehl, Wayne, Pa., for debtor.

James J. O'Connell, Esq. Asst. U.S. Trustee, Philadelphia, Pa.

## MEMORANDUM

DAVID A. SCHOLL, Bankruptcy Judge.

Before us in the above-entitled case is a motion filed by ROBERT SZWAJKOS, ESQUIRE, the Chapter 7 Trustee in this case (hereinafter "the Trustee"), on April 20, 1989, to recover fees of $450 paid to Michael D. Sehl, Esquire, the Debtor's counsel (hereinafter "Counsel"), and $13,890 paid to Continental Realty Co., Inc. (hereinafter "the Realtor") in connection with a transaction in which the Debtor sold all of its assets. The case was commenced under Chapter 11 of the Bankruptcy Code on April 2, 1986, and converted to Chapter 7 on August 17, 1987, at which time the Trustee was appointed. The Trustee's motion is based upon the fact that, although this court approved the sale of the Debtor's assets on December 11, 1986, and, in that Order, specifically allowed proceeds of the

sale to be provided for "commissions," neither Counsel nor the Realtor who received commissions were appointed as professionals by this court pursuant to 11 U.S.C. § 327(a) on motion of the then Debtor-in-possession.

The Realtor answered this motion and filed a counter-motion to dismiss the motion on the grounds that (1) The Trustee's motion, although not referencing any Bankruptcy Code section, must have been based upon 11 U.S.C. § 549, which broadly prohibits unauthorized post-petition transfers. *See* 11 U.S.C. § 549(a); and (2) The Trustee's cause of action was barred by 11 U.S.C. § 549(d), which provides as follows:

(d) An action or proceeding under this section may not be commenced after the earlier of—

(1) two years after the date of the transfer sought to be avoided; or

(2) the time the case is closed or dismissed.

The Trustee filed a Memorandum of Law, submitted to us at the hearing, which contended that his motion was based upon 11 U.S.C. § 542(a) rather than § 549. There is no specific statute of limitations in the Bankruptcy Code applicable to § 542.

Only the Realtor appeared to defend at the hearing on the motion on May 18, 1989, and, in an Order of that date, we directed Counsel to pay the $450 which he was paid in the transaction to the Trustee. The Realtor called Anne Dozer, the broker who handled the transaction, as its sole witness. Ms. Dozer testified that she was unaware of the Debtor's bankruptcy filing at the time of the Debtor's execution of a Listing Contract with the Realtor on June 28, 1986, and at the time of the execution of an Agreement of Sale on August 4, 1986. While she learned of the filing prior to settlement on December 23, 1986, Ms. Dozer claimed ignorance of the requirement that the Realtor be appointed by this court under § 327(a) and lack of advice of this requirement at any time by either the Debtor's counsel or an experienced bankruptcy practitioner representing the buyers. The Settlement Sheet supports Ms.

Dozer's further testimony that the Realtor split its commissions with another broker.

The Realtor, which had submitted a short Memorandum of Law with its motion to dismiss, requested an opportunity to submit an additional Memorandum after the hearing, and we allowed both parties until June 1, 1989, to supplement their previous remittances. Only the Realtor availed itself of this opportunity, attaching to its Supplemental Memorandum a motion seeking, for the first time, appointment pursuant to § 327(a) *nunc pro tunc.*

The Realtor apparently does not now, enlightened by its present counsel, dispute that the Bankruptcy Code requires that it was obliged to be appointed as a professional in order to be entitled to receive payment of commissions in this transaction. *See, e.g., In re Channel 2 Associates,* 88 B.R. 351, 352 (Bankr.D.N.M.1988); *In re Bobroff,* 64 B.R. 308, 310 (Bankr.E.D. Pa.1986); and *In re Roberts,* 58 B.R. 65, 67 (Bankr.D.N.J.1986) (per GOLDHABER, CH. J., E.D.Pa., sitting specially in New Jersey).

The policy reasons for the strict application of this rule as to any professionals, including realtors, are strong: the assets of a debtor, which are likely to be limited, must be protected from unnecessary and unjust disbursal in order to protect the rights of creditors. *See, e.g., In re Dola International Corp.,* 88 B.R. 950, 955 (Bankr.D.Minn.1988); *In re Greater Pottstown Community Church of the Evangelical Congregational Church,* 80 B.R. 706, 709–10 (Bankr.E.D.Pa.1987) and 2 COLLIER ON BANKRUPTCY, ¶ 327.02, at 327–7 (15th ed. 1989). In no sense can the Realtor here, or any realtor or other professional, point to court approval of payment of commissions generally in the transaction as a substitute for that party's appointment as a professional. *See Roberts, supra,* 58 B.R. at 67. Separate prior appointment of the Realtor as a professional was required if compensation was to be properly paid to it.

If prior appointment is not obtained, it is possible, in certain extraordinary circumstances, for the professional to obtain

the *nunc pro tunc* appointment, as the realtor now seeks. *See In re F/S Airlease, II, Inc. v. Simon,* 844 F.2d 99, 105–08 (3d Cir.1988); *In re Arkansas Co.,* 798 F.2d 645, 648–51 (3d Cir.1986); and *In re TM Carlton House Partners, Ltd.,* 93 B.R. 875 (Bankr.E.D.Pa.1988). However, these circumstances are extremely limited by the tendency of a broad interpretation of allowing appointment *nunc pro tunc* to undermine the policy requiring appointment *prior to* performance of services. The "ignorance" defense advanced by the Realtor here as justification for *nunc pro tunc* appointment has rarely succeeded. *See Airlease,* 844 F.2d at 107; and *Carlton House,* 93 B.R. at 877. Bankruptcy Courts should be loath to encourage ignorance by allowing it to stand as a ready excuse for a failure to seek timely appointment.

■ There is little doubt that § 549 is a handy vehicle by which a trustee may recover compensation paid to professionals who have neglected to obtain the requisite prior appointment. The powers of the trustee to avoid post-petition transfers under § 549 are broad and admit of only the narrowest exceptions. *See, e.g.,* 4 COLLIER, *supra,* ¶ 549.02, at 549–6 to 549–8. The term "transfer" is broadly construed under the Code in § 549 as elsewhere, *see In re Rose,* 25 B.R. 744, 746 (E.D.Mo.1982), and payments to professionals for fees are clearly among the transfers avoidable under this Code section. *See, e.g., Dola International, supra,* 88 B.R. at 954–56.

■ The narrow basis on which the Realtor invokes a viable defense to the instant motion requires us to conclude that § 549 is the exclusive vehicle by which the Trustee may recover the compensation paid to the Realtor in a post-petition transaction. After further study of the pertinent authorities, we agree with the Realtor that this conclusion is correct. We believe that § 542(a), which the Trustee attempts to invoke, is properly interpreted as being confined to actions against parties "holding property of the estate *on the date of the filing of the petition* " (emphasis added), S. REP. NO. 95–989, 95th Cong., 2d Sess. 84 (1978); and H.R. REP. NO. 95–595, 95th Cong., 1st Sess. 369 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5870, 6325, *i.e.,* property held by or turned over to the transferee *pre-petition.* By way of contrast, § 549 appears to be the sole provision addressing avoiding powers of the trustee to avoid or set aside *post-petition* transfers.

This conclusion is supported by the body of cases which have confined 11 U.S.C. § 547 to pre-petition preferential transfers and § 549 to post-petition transfers. *See Vogel v. Russell Transfer, Inc.,* 852 F.2d 797, 800 (4th Cir.1988); and *In re Isis Foods, Inc.,* 37 B.R. 334, 336–37 (W.D.Mo. 1984). We thus agree with the statement of the court in *In re Walter's Disposal Service, Inc.,* 73 B.R. 6, 8 n. 3 (Bankr.W.D. Mo.1986), that "Section 542 ... does not purport to cover voluntary transfers made postpetition by a debtor in accordance with a contract." *But see In re Shepherd,* 12 B.R. 151, 153–54 (E.D.Pa.1981) (court suggests, without expressly so holding, that unauthorized post-petition wage deductions by a credit union from a debtor can be attacked under, alternatively, § 542 or § 549).

■ Several policies support the conclusion that § 549 is the exclusive means by which a trustee may attack post-petition transfers. First, it is only fair that the very broad power of the trustee under § 549 must be subject to certain definite limitations. Time is perhaps the only limitation which appears in § 549. In § 549(d), quoted at page 746 *supra,* appears a strict two-year statute of limitations which is "keyed not to the appointment of the trustee but to the date of the transfer." *In re Sattler's, Inc.,* 73 B.R. 780, 791 (Bankr.S.D. N.Y.1987). *Accord, In re Haugen Construction Service, Inc.,* 88 B.R. 222, 225 (Bankr.D.N.D.1988); *In re Majesto Electro Industries, Ltd.,* 71 B.R. 84, 86 (Bankr.M. D.Pa.1987); and *In re Burstein–Applebee Co.,* 30 B.R. 779, 780–81 (Bankr.W.D.Mo. 1983).

Secondly, adopting the Trustee's version of the interplay between § 542 and § 549 would virtually obliterate the limitation period imposed by § 549(d). According to the

Trustee, whenever he finds that an action under § 549 is barred by § 549(d), he alternatively could resort to § 542, which has no applicable statute of limitations.

The Trustee relied heavily upon *In re DeBerry*, 59 B.R. 891, 898 (Bankr.E.D.N.Y. 1986), as authority for the principal that a trustee can invoke § 542 as a basis for recovering compensation paid to a professional who failed to obtain prior appointment. Any statements which could be so taken in *DeBerry* were clearly dictum, because the court there held that, assuming *arguendo* the inapplicability of the two-year-limitation period of § 549(d), the trustee's delay in instituting a proceeding to recover compensation over four years after the transfer was not "within a reasonable period of time," which was the implied statute of limitations read into § 542 by the *DeBerry* court.

The *DeBerry* court questions whether § 542 applies in any event to allow recovery of sums of which the transferee no longer had possession at the time that the turnover proceeding was initiated. 59 B.R. at 896–97. Application of the requirement that the transferee must have control of the property at the time of suit would of course confine the Trustee here to the $6,945 not split with the other realtor and actually retained by the Realtor. In the course of rejecting the Trustee's attack on two alternative grounds, the *DeBerry* court never directly addresses the issue of whether § 542 can be used to avoid post-petition transfers. Here, in contrast to *DeBerry*, the transaction in which the professional received the disputed compensation arose entirely post-petition and was, at least in part, approved by this court.

Further reflection also causes us to discard the notion which we expressed at the hearing on May 18, 1989, that the compensation of the Realtor could be deemed outside of the scope of § 549 because it was part of a transfer of property authorized by the court. *See* 11 U.S.C. § 549(a)(2)(B). It now seems to us that a transfer must be *either* protected by court approval *or* within the scope of § 549. The breadth of § 549 does not allow recognition of a category of sub-transfers in a transfer approved by the court which are post-petition, yet outside the scope of § 549 and its statute of limitations.

We also note that the equities of the Trustee justifying relief from the limitations period of § 549(d) are not strong. The Trustee was appointed on August 17, 1987, well within the limitations period. While the Trustee decries the difficulties and consequent delays caused in administration of this estate by the failure of the Debtor's principals to keep proper records, we note that, except for conducting the meeting of creditors and having us establish a bar date for claims, the Trustee did virtually nothing to administer this case until after we prodded him to administer the case by setting certain deadlines in an Order of January 31, 1989. Moreover, the principals of the Debtor appeared in court in response to the Trustee's motions directed towards them with records which they were prepared to give to him. Cooperation from the Debtor's principals has therefore not been entirely absent.

Given the Trustee's unexplained delays in presenting this motion, we might be inclined to follow the *DeBerry* result as opposed to just merely its dictum and hold that the Trustee's delays are sufficiently unexplained to justify the conclusion that the implicit "reasonable period of time" limitations, *i.e.*, the implicit application of laches, in a § 542 motion, has run. However, we need not reach this issue. Instead, we hold that the Trustee is obliged to utilize § 549 as a basis for attacking the post-petition transfer of compensation to the Realtor and that the two-year statute of limitation of § 549(d) bars his motion under that Code section.

We will therefore enter an Order denying the Trustee's motion.