In re **E Z FEED CUBE COMPANY, LTD., Debtor.**

**Michael A. GRASSMUECK, Trustee, Plaintiff,**

v.

**Steven A. ZAMSKY, Defendant.**

Bankruptcy No. 683–08205–R7.

Adv. No. 688–5237–R.

United States Bankruptcy Court, D. Oregon.

Jan. 11, 1991.

G. Jefferson Campbell, Jr., Medford, Or., for plaintiff.

Wilson C. Muhlheim, Harrang, Long, Watkinson, Arnold & Laird, P.C., Eugene, Or., for defendant.

MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This adversary proceeding is before the court for a decision upon the record.

PROCEDURAL BACKGROUND

The plaintiff, the Chapter 7 trustee, herein, filed his complaint against the defendant on December 12, 1988 to recover fees paid to the defendant, a former attorney for the Chapter 11 debtor-in-possession, without prior court authorization. There are two claims for relief. The first is brought under 11 U.S.C. § 542 to require the defendant to turn over to the trustee property of the estate which the defendant received post-petition. The second claim seeks a declaration of this court that the disbursements of fees to the defendant were improper and unauthorized under the

Bankruptcy Code, Bankruptcy Rules, Interim General Orders, or other orders of this court, and that the defendant should, therefore, be ordered to repay the funds to the estate. The defendant contends that plaintiff's claims are time-barred pursuant to the provisions of 11 U.S.C. § 549.

As a result of a pre-trial conference held on August 16, 1989, this court found that this adversary proceeding is a core proceeding as defined in 28 U.S.C. § 157. A pre-trial order was entered on July 13, 1990, nunc pro tunc April 5, 1990, setting forth the parties' respective contentions. The facts are largely undisputed and, for the most part, are set forth in the pre-trial order as agreed facts.[1] Both parties have submitted their trial briefs and have requested that this court render a decision upon the record without further oral argument or an evidentiary trial.

### FACTS

The pre-trial order contains the agreed facts which are to constitute the court's findings of fact in this proceeding. They are as follows:

1. The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

2. Plaintiff is the duly qualified and acting Chapter 7 trustee in the above-referenced case.

3. The defendant was the attorney of record for the debtor in the above-referenced bankruptcy case.

4. The debtor's voluntary Chapter 11 petition was filed on October 21, 1983.

5. After the filing of the debtor's Chapter 11 petition, the defendant acted as the attorney for the debtor-in-possession during the administration of the Chapter 11 case.

6. Following the filing of the Chapter 11 case, defendant received the following payments from the debtor-in-possession, during the course of the administration of the Chapter 11 case:

| Date | Check. No. | Amount |
| --- | --- | --- |
| 12/07/83 | 2331 | $1,648.65 |
| 01/11/84 | 2412 | 799.00 |
| 02/13/84 | 2500 | 1,121.00 |
| 03/14/84 | 2585 | 484.50 |
| 04/11/84 | 2667 | 285.00 |
| 05/09/84 | 2735 | 1,000.00 |
| 05/15/84 | 2754 | 456.00 |
| 06/08/84 | 2806 | 522.50 |
| 07/18/84 | 2852 | 76.00 |
| 08/27/84 | 2897 | 304.00 |
| 09/11/84 | 2914 | 180.50 |
| 10/11/84 | 2967 | 123.50 |
| 12/14/84 | 3045 | 202.50 |
| 01/10/85 | 3064 | 57.00 |
| TOTAL | | $7,260.15 |

7. None of the above-referenced payments to the defendant was made following

---

**1.** The court notes that one of the defenses raised by the defendant is the defense of laches. There are two elements to such a defense. First, there must be an unreasonable delay by plaintiff in the prosecution of his claim. Second, that delay must be prejudicial to the defendant. The pre-trial order indicates that the elements of the laches defense are disputed, however, the parties have elected to submit this matter to the court for a decision upon the record without an evidentiary hearing. Accordingly, the court assumes that the defendant has abandoned the laches defense.

notice to the debtor, creditors and interested persons in the above-referenced bankruptcy case.

8. None of the above-referenced payments to the defendant was made after the filing of an application for interim or final compensation by the defendant.

9. None of the above-referenced payments to the defendant was made pursuant to a court order entered in the above-referenced bankruptcy case.

10. A Chapter 11 trustee was appointed in this case on May 15, 1985.

11. This case was converted to a case under Chapter 7 of the Bankruptcy Code and plaintiff was appointed interim trustee on September 17, 1986.

12. Plaintiff commenced this adversary proceeding more than three years after the last payment from the debtor-in-possession to the defendant.

13. Plaintiff has served as trustee in the case from December 12, 1986.

In addition, the court notes from a review of the file, herein, that an order was entered on November 8, 1983 appointing the defendant to act as an attorney for the debtor-in-possession. The order further provided that the debtor-in-possession is "... further authorized to pay both counsels (including the defendant) a reasonable fee for their services after proper application and order from this court." Order of November 8, 1983, p. 2, lines 4 & 5.

## ISSUES

The defendant concedes that the post-petition payments he received from the debtor-in-possession were unauthorized and improper disbursements. His defense is that the trustee's claim is time-barred by virtue of 11 U.S.C. § 549. It is the position of the defendant that 11 U.S.C. § 549 is the trustee's only remedy to recover an unauthorized post-petition payment to a professional serving in the case.

The plaintiff-trustee concedes that 11 U.S.C. § 549 furnishes one mechanism for the recovery of an unauthorized, post-petition, transfer of fees to a professional and that any claim by the plaintiff under that statute would be time-barred. Plaintiff asserts, however, that in addition to 11 U.S.C. § 549, the plaintiff may elect to bring his claim under 11 U.S.C. § 542 for turnover of estate property in the possession of the defendant and/or that plaintiff may rely upon the inherent powers of the court to order the repayment of professional fees that were not paid in accordance with the Bankruptcy Code and Rules.

## DISCUSSION

All statutory references are to the Bankruptcy Code, Title 11 U.S.C. unless otherwise indicated. The pertinent statutes and rules are as follows:

Section 327(a) in pertinent part:

... the trustee, with the court's approval, may employ one or more attorneys, accountants, ... or other professional persons, that do not hold or represent an interest adverse to the estate, ... to represent or assist the trustee in carrying out the trustee's duties under this title.

Section 1107(a) in pertinent part:

... a debtor-in-possession shall have all the rights, ... and powers, and shall perform all of the functions and duties, ... of a trustee serving in a case under this chapter.

Section 330(a):

*After notice to any parties in interest and to the United States trustee and a hearing,* and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and

the cost of comparable service other than in a case under this title; and

(2) reimbursement for actual, necessary expenses. (emphasis supplied.)

Section 331:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

Bankruptcy Rule 2016(a) in relevant part:

An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate *shall* file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested.... (emphasis supplied.)

Section 542(a):

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, *during the case*, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate. (emphasis added)

Section 549 in part:

(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and ...

(2)(B) that is not authorized under this title or by the court

\*　　\*　　\*　　\*　　\*　　\*

(d) An action or proceeding under this section may not be commenced after the earlier of—

(1) two years after the date of the transfer sought to be avoided; or

(2) the time the case is closed or dismissed.

Section 105(a) in relevant part:

The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title....

The defendant argues that § 549 provides the mechanism for the trustee to recover transfers of property occurring after the date of the petition, while § 542 can only used by the trustee to obtain the turnover of funds or property of the estate which is in the possession of an entity *on the date of the petition*. The defendant cites to the legislative history of § 542 as supporting this proposition. That history is, however, in conflict.

Subsection (a) of this section requires anyone holding property of the estate on the date of the filing of the petition, or property that the trustee may use, sell, or lease under section 363, to deliver it to the trustee. (HR Rep. No. 595, 95th Cong, 1st Sess. 369 (1977); S. Rep. No. 989, 95th Cong, 2d Sess. 84 (1978))

The section makes clear that any entity, other than a custodian, is required to deliver property of the estate to the trustee or debtor in possession whenever such property is acquired by the entity during the case.... (124 Cong.Rec. H11096–97 (daily ed. Sept. 28, 1978); S17413 (daily ed. Oct. 6, 1978); remarks of Rep. Edwards and Sen. DeConcini)

The defendant argues that permitting the trustee to use § 542 would virtually obliterate the limitation period imposed by § 549(d). Whenever he finds that an action under § 549 is barred by § 549(d), he could merely resort to § 542, which has no applicable statute of limitation. *See, In re 31–33 Corp.*, 100 B.R. 744 (Bankr. E.D.Pa. 1989). The defendant urges this court to adopt the reasoning of the court in *In re 31–33 Corp.* and hold that the plaintiff may

only proceed under § 549 and not under § 542.

The trustee in *In re 31–33 Corp.* filed a motion to recover from a real estate broker, (who had not previously sought court appointment) a commission paid to the broker post-petition. The real estate broker contended that the trustee's sole authority to recover the commission was § 549. Since the motion was filed more than 2 years after the commission was paid, it was barred by the time limit of § 549(d). The trustee contended that he could bring the action under § 542. The court agreed with the realtor that the trustee's sole vehicle to recover the commission was § 549.

The *31–33 Corp.* court gave two policy reasons for this conclusion. First, the very broad powers of the trustee to recover unauthorized, post-petition, transfers should be subject to some limit, which the two year time limit of § 549 provides. Second, adopting the trustee's reasoning would virtually obliterate the difference between § 549 and § 542.

The court in *31–33 Corp.* does not address the inherent power and duty of the court to review fees paid to professionals. In *Levin and Weintraub v. Rosenberg*, 330 F.2d 98 (2nd Cir.1964) the Second Circuit considered a similar issue raised in a case decided under the former Bankruptcy Act. There, it was argued that former 11 U.S.C. § 29(e) (Bankruptcy Act § 11(e)) (which was similar to current § 549(d)) precluded any recovery by the trustee after the two years had expired. The Second Circuit, however, noted that Congress had enacted former 11 U.S.C. § 96(d) (§ 60(d) of the Bankruptcy Act) authorizing the court, on its own motion, to re-examine attorney's fees paid by a debtor (current section is § 329) and found that the statute of limitations imposed was inapplicable. The court concluded:

> Nothing is said in the amendment or in the legislative history as to whether the limitations period of § 11 Sub. e. is to apply to the court's power to reexamine the fees. Appellant contends that the right even though enforced by the court is really derivative from the trustee's

rights regarding counsel fees and should be subject to the same limitations. We think, however, that the course taken, of making review a matter for the court in the bankruptcy proceeding, is not wholly consistent with an intent to cut off the court's power of review while the proceeding is still pending before it, that such limitation if intended would have been expressed, and that the Congressional purpose of strengthening the Act in this regard is best carried out by preserving the court's power free from the limitations of § 11 sub. e. 330 F.2d at 99.

■ This court has an independent duty to examine professionals' employment and fee applications, *In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir.1985). This duty is not derivative of the trustee's powers under §§ 542 and 549. Indeed, it can hardly be expected that a trustee or a debtor-in-possession would seek to recover unauthorized post-petition transfers of fees made to themselves, their attorneys, etc. In *Lavender v. Wood Law Firm*, 785 F.2d 247 (8th Cir.1986) the court held that the law firm employed to represent the debtor (which employment had been authorized by the bankruptcy court) had to return fees paid to it by the debtor without requisite application and court approval required by § 330 and Rule 2016.

The defendant's argument, for the most part, overlooks the independent duty of the court to review fees paid to professionals as set forth above. Even if it is assumed that the defendant is correct in his assertion that § 542 is not available to the plaintiff under the facts of this case, the plaintiff may invoke the inherent powers of the court under § 105.

■ This court acknowledges the correctness of the position taken by the defendant that § 105(a) does not authorize the court to create rights not otherwise available under applicable law, that courts of equity are bound to follow expressed statutory commands to the same extent as are courts of law and that § 105(a) was not designed to over-ride specific Bankruptcy Code provisions. *See Southern Ry. Co. v. Johnson Bronze Co.*, 758 F.2d 137 (3rd

Cir.1985); *In re Shoreline Concrete Company, Inc.*, 831 F.2d 903 (9th Cir.1987) and *In re Purnell*, 92 B.R. 625 (Bankr.E.D.Pa. 1988).

Here, the plaintiff is not requesting that this court create rights not otherwise available, ignore statutory commands or override specific Bankruptcy Code provisions. On the contrary, the court is being requested to use its inherent powers under § 105(a) to enforce the provisions of §§ 327–331 and Bankruptcy Rule 2016(a). An attorney appointed in a Chapter 11 case to act as an attorney for the debtor in possession is an officer of this court and holds a position of trust and fiduciary duty. It is of the utmost importance that this court act to preserve the integrity of the bankruptcy system and to maintain public confidence therein. This court must regulate the conduct of its officers to ensure that such conduct complies with the Bankruptcy Code and Rules.[2]

■ Defendant's counsel characterizes the defendant as an "innocent professional" and a "victim of the bankruptcy system". The evidence herein, is to the contrary. First, attorneys practicing in bankruptcy court are presumed to know the applicable law. Second, the defendant was specifically appointed by this court to act as an attorney for the debtor-in-possession. This court's order specifically provided that future payments of fees to the defendant were subject to application and allowance. Nonetheless, the defendant chose to accept payments which were made without notice to interested parties or to the court and where no application had been filed.

## CONCLUSION

■ Accordingly, this court concludes, as it has in prior cases, that § 549(d) does not operate as a limitation on the court's independent duty to examine the employment and compensation of professionals. The court, may, on its own motion or upon the request of any party in interest, including the trustee, invoke its powers under § 105(a) and order a professional to repay unauthorized disbursements to the estate.

Plaintiff's claim for declaratory relief is well founded. Judgment should be entered in favor of plaintiff, against defendant, declaring that the post-petition payments made to the defendant in the sum of $7,260.15 were improper and unauthorized and that plaintiff shall have and recover of and from the defendant said sum for the benefit of the estate herein, together with interest thereon at the legal rate from the date of receipt of each such disbursement until repaid, together with plaintiff's costs and disbursements incurred herein.

In light of this conclusion, this court need not decide whether or not the plaintiff may use § 542 as a basis for recovery in this case. This court recognizes that the result reached in this case may be at variance with the decision reached by the court in *In re 31–33 Corp., supra;* to that extent this court declines to follow the reasoning in that case.

This opinion shall constitute the court's findings of fact and conclusions of law; they shall not be separately stated.

---

2. As the facts in this case demonstrate, if the defendant's argument were to prevail, it might become impossible to recover unauthorized post-petition payments to professionals. If the payment is not discovered until the two years has run, there could be no recovery. Under the facts in this case, by the time the Chapter 7 trustee was appointed, most of the money paid to the defendant would already be protected by § 549(d). It must be remembered that no applications or notice were ever sent to creditors apprising any interested party or the court of the payments received by the defendant.