In re THORNTON'S MILLWORK,
INC., Debtor.

UNITED STATES TRUSTEE, Movant,

v.

Roland S. JONES and Roland S. Jones
Co., Inc., Respondents.

Bankruptcy No. 5–94–00419.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

May 12, 1997.

Gregory Lyons, Harrisburg, PA, for U.S. Trustee's Office.

Roland S. Jones, Salisbury, MD, Pro Se.

Benjamin V.R. Conlon, Elizabethtown, NY, Interested party.

Timothy Thornton, New Kingston, PA, Pro Se Debtor.

Lawrence Frank, Harrisburg, PA, Chapter 7 Trustee.

### OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

On April 17, 1996, the United States Trustee ("U.S. Trustee") filed a Motion to Compel Roland S. Jones and Roland S. Jones Co., Inc. to Disgorge Compensation.

This bankruptcy was filed on March 11, 1991 as a Chapter 11 originally assigned to the Honorable Robert J. Woodside in our Harrisburg Division. On November 14, 1991, the case was converted to a case under Chapter 7. Four days later, Lawrence G. Frank, Esquire, was appointed as the Chapter 7 trustee. Pursuant to the recusal of Judge Woodside, the matter was transferred

to the Wilkes–Barre Division and to this judge on March 30, 1994.

With specific reference to this pending Motion, on April 18, 1991, the Debtor filed an Application seeking approval to employ Roland S. Jones Co., Inc. as the Debtor's business consultant. An Objection was filed to that Application resulting in the Debtor attempting to withdraw the Application. While a hearing was commenced on the Application and the Objection on July 11, 1991, the Court thereafter approved the withdrawal of the Debtor's Application on July 19, 1991.

Notwithstanding this scenario, the Debtor, in fact, employed Roland S. Jones ("Jones") as a manager and chief financial officer with a weekly salary of One Thousand Six Hundred Dollars ($1,600.00). It was estimated that the total amount of Twenty–Two Thousand Dollars ($22,000.00) was paid to Jones during this employment. (Transcript of 06/26/96 at 67.)

On or about October 15, 1991, the First National Bank of Mifflintown ("Bank") filed a Motion to disapprove the employment of Jones but that Motion appears to have been subsequently abandoned by the Bank.

While Jones did not appear at the time of hearing on this matter, he did, on June 12, 1996, file a Motion to Dismiss arguing that he was not a professional as that term is used in 11 U.S.C. § 327 and, further, that the U.S. Trustee's Motion was barred by the statute of limitations.

■ There is ample authority to conclude that the services provided by Jones were equivalent to that of a business consultant and, therefore, the Court finds that he was a "professional person" as that term is utilized in 11 U.S.C. § 327. *In re Marion Carefree Ltd. Partnership,* 171 B.R. 584, 588 (Bankr. N.D.Ohio 1994); *Stahl v. Bartley Lindsay Co. (In re Bartley Lindsay Co.),* 137 B.R. 305, 309 (D.Minn.1991 ); *In re United Color Press, Inc.,* 129 B.R. 143, 145 (Bankr. S.D.Ohio 1991); *In re Washington Mfg. Co.,* 101 B.R. 944, 959 (Bankr.M.D.Tenn.1989); *In re Carolina Sales Corp.,* 45 B.R. 750 (Bankr. E.D.N.C.1985). The testimony at the hearing indicated that Jones was brought into the Debtor corporation to straighten out a "commercial disaster." (Transcript of 06/26/96 at 41.) In addition, it was apparent from the testimony solicited from former counsel to the Debtor corporation, Benjamin V.R. Conlon, Esquire, that Jones performed what is generally described as paralegal services in assisting counsel in representing the Debtor-in–Possession.

■ This Court has little difficulty in concluding that the services performed by Jones were that of a professional assisting the Debtor, albeit without authority of the Court. That being the case, the transfer of funds to Jones represents property that should be returned to the Debtor's estate. *Stahl v. Bartley Lindsay Co. (In re Bartley Lindsay Co.),* 137 B.R. 305, 309 (D.Minn.1991).

■ Jones, however, raises the issue of whether the statute of limitations may prevent the U.S. Trustee from making such a recovery on behalf of the estate.

11 U.S.C. § 549 addresses post-petition transactions. That section states that transfers of property of the estate, not authorized by the court, can be avoided by the trustee.

Subparagraph (d) of that section reads: "An action or proceeding under this section may not be commenced after the earlier of— (1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed or dismissed."

In this case, the transfers in question occurred during the time the Debtor was in Chapter 11. It was more than four (4) years later that the U.S. Trustee filed the subject Motion.

At the time of the hearing, Lawrence G. Frank, Esquire, the Chapter 7 trustee, acknowledged that he was aware of the Bank's Motion to disapprove the employment of Jones but that he did not pursue that Motion because he "thought the amount of time that was necessary to pursue it and the possibility that any judgment or order may not be collected was not economical to the administration of the case." (Transcript of 06/26/96 at 3.)

■ "Compensation paid to professionals who have not obtained a prior appointment may constitute transfers made without court

authority and be subject to avoidance under [11 U.S.C. § 549]." 5 Lawrence P. King, Collier on Bankruptcy ¶ 549.03[1] at 549–6 (15th ed. rev.1997).

In *In re 31–33 Corporation*, 100 B.R. 744 (Bankr.E.D.Pa.1989), the Court considered the very issue of whether § 549 was the exclusive means by which a trustee could attack a post-petition transfer. In agreeing with that proposition, the Court suggested that any other interpretation would virtually obliterate the limitation period imposed by § 549(d). *Id.* at 747.

The conclusion of *In re 31–33 Corporation* was rejected by *In re E Z Feed Cube Company, Ltd.*, 123 B.R. 69 (Bankr.D.Or.1991). In that case, the Court studied the same issue and concluded that accepting the two-year limitations period would overlook "the independent duty of the court to review fees paid to professionals." The Oregon Court held that the bankruptcy court had the inherent power under 11 U.S.C. § 105(a) to enforce the provisions of §§ 327–331 and, therefore, this duty to regulate the conduct of its officers superseded the limitations period of § 549. While acknowledging that § 105(a) had its limitations, the Court concluded that it was of the "utmost importance that this court act to preserve the integrity of the bankruptcy system and to maintain public confidence therein." *Id.* at 74.

"Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980).

Generally, the plain meaning of legislation should be conclusive. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240–42, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).

"The strong presumption [is] that Congress expresses its intent through the language it chooses." *I.N.S. v. Cardoza–Fonseca*, 480 U.S. 421, 432 n. 12, 107 S.Ct. 1207, 1213 n. 12, 94 L.Ed.2d 434 (1987).

Our circuit has concluded that "section 105(a) does not authorize the bankruptcy court to create rights not otherwise available under applicable law." *Southern Railway Co. v. Johnson Bronze Co.*, 758 F.2d 137, 141 (3rd Cir.1985).

The Court in *E Z Feed Cube Company, Ltd.* suggested that if § 549(d) was made applicable to professionals, "it might become impossible to recover unauthorized post-petition payments to professionals. If the payment is not discovered until the two years have run, there could be no recovery." *In re E Z Feed Cube Company, Ltd.*, 123 B.R. 69, 74 n. 2 (Bankr.D.Or.1991). This argument, however, disregards the concept of equitable tolling, which stops the statute from running during times when a trustee may be unaware of the circumstances of the cause of action despite exercising reasonable care. Equitable tolling has generally been applied to all 11 U.S.C. § 549(d) cases, where applicable. *Olsen v. Zerbetz*, 36 F.3d 71, 73 (9th Cir. 1994).

We have further reviewed the facts set forth at the hearing to determine whether there was any fraudulent concealment such as to raise the issue of equitable tolling and have found no such fraud evidenced on this record. *In re A.J. Lane & Co., Inc.*, 167 B.R. 729 (Bankr.D.Mass.1994).

Succinctly stated, this Court has found no valid reason to diverge from the proscription of U.S.C. § 549(d). There is simply a two-year statute of limitations to recover funds improperly transferred post-petition.

In summary, while a court may have the inherent power to regulate the fees paid to professionals under the Bankruptcy Code, this Court concludes that its power cannot extend to the creation of judicial amendments to clear statutory direction.

My Order is attached.

### ORDER

The Motion of the United States Trustee requesting disgorgement of funds received by Roland S. Jones and Roland S. Jones Co., Inc. is hereby denied for the reasons stated in the attached Opinion.